MITCHELL LAMBERT *v.* THE MISSISQUOI PULP CO.

October Term, 1898.

Present: Ross, C. J., TYLER, MUNSON, START AND THOMPSON, JJ.

Opinion filed May 24, 1900.

*Master and servant—Safe place in which to work—*Places prepared by workmen for their own temporary use as instrumentalities in carrying on their work, are to be distinguished from places prepared by the master through the agency of one class of workmen for the occupancy of another class in the carrying on of some employment.

*Master and servant—The provision of a staging does not pertain to the duty of the master—*A staging used in the erection of a building is not to be regarded as a place in which to work provided by the master but as an instrumentality which the workmen upon the building themselves provide as a means of carrying on their work.

*Master and servant—Staging—Master's liability in respect to material furnished—Non-liability in respect to construction—*The master is responsible for the

sufficiency of the material furnished for the construction of a staging, but the fellow-servant doctrine relieves him from liability in respect to a defect in the construction itself.

*Fellow-servant—A foreman is a fellow-servant in construction of staging*—One who is a foreman, in respect to work upon a building, is, in respect to the erection of a staging for carrying on such work, a fellow-workman of all who are engaged in the work upon the building, whether or not they actually engage in the erection of the staging.

*Fellow-servant—Workman who begins after staging is built*—A workman, who, after the staging is built comes upon a job as a fellow-workman of those who have built it, in pursuance of the general work upon which they are engaged, assumes the same risks in respect to it as those borne by the other workmen.

*Contributory negligence—Duty of after-employed workman in respect to staging*—A workman, so coming upon a job of building after the staging is constructed, has no right to proceed upon the assumption that the staging is safe until he is put upon his guard concerning it ; but it is his duty from the start, to exercise caution with regard to the character of the structure in respect to safety.

*Contributory negligence—Incompetent fellow-servant*—A master is liable to a servant for injuries to such servant caused by the negligence of an incompetent fellow-servant whom the master has negligently employed ; but this doctrine, when applicable, does not enable the injured servant to recover, in an action against the master, if such servant was guilty of contributory negligence.

*Contributory negligence—Finding under erroneous instructions not determinative*—A verdict of a jury that involves a finding that a plaintiff was not guilty of contributory negligence is not determinative of that question, if the theory on which the case is submitted to the jury, by instructions excepted to, is not only erroneous in itself, but is harmful to the defendant in its bearing on the question of contributory negligence.

*Contributory negligence here a question for the jury*—In this case, on the testimony, the question of contributory negligence on the part of the plaintiff was one of fact for the jury, and the defendant's motion for a verdict on that ground was properly overruled.

CASE. The defendants were partners doing business under the firm name of the Missisquoi Pulp Company. Plea, the general issue. Trial by jury, Franklin County, March Term, 1898, *Rowell* J., presiding. Verdict and judgment for the plaintiff. The defendants excepted.

The action was brought to recover of the defendants for an injury sustained by the plaintiff while in their employ by reason of their alleged negligence in not providing for him a safe staging on which to work, in connection with others, in the construction of a certain mill.

That part of the charge of the court set out in the bill of exceptions was as follows:

"For the purposes of this trial I instruct you that it was the duty of the defendants to supply a reasonably safe staging for the plaintiff to do this work upon, and if they were at fault in that regard and he was injured by reason thereof, he himself not being in legal fault that contributed to his injury, then he is entitled to recover. I say it was the duty of the defendants to supply such a staging. It is conceded by the defendants that the staging was not of that character; that it was not suitable and safe for the purpose of putting those timbers in place upon the wall; yet if they were in legal fault in this regard, the plaintiff cannot recover if his negligence contributed in any degree to the happening of the accident that produced the injury."

The jury returned a general verdict for the plaintiff, and found specially that the defendants' foreman, one Whitney, was not a competent and suitable man for foreman, and that the defendants did not exercise the care and prudence of a careful and prudent man in putting him into that position. They also found specially that the defendants furnished material suitable in quality and quantity for the erection of a suitable staging in connection with the work of constructing the mill.

The questions discussed in the opinion arose upon the *pro forma* overruling of a motion by the defendants to have a verdict directed in their favor, upon the denial by the court of certain requests to charge and upon the charge as given.

*D. W. Steele* and *Farrington & Post* for the plaintiff.

*C. G. Austin* for the defendants.

MUNSON, J.   The plaintiff, a carpenter of long experience, was employed by the defendants to work in the construction of their mill, and was placed under the superintendency of one Whitney as foreman.   He was injured by the breaking down of one section of a long staging, built before he came upon the job by the force of workmen which he joined.   This structure was insufficient in that the cross-pieces upon which the planks rested were fastened to the standards with nails of insufficient size, left with their heads a quarter of an inch or more from the wood.   A few hours before receiving his injury, the plaintiff was sent to repair the staging where it had been broken by the falling of a man upon it from a height of several feet, and found that the break was caused by the pulling off of a cross-piece, and re-nailed the piece.   His own injury resulted from the pulling off of a cross-piece about sixteen feet from the place so repaired.   This occurred while the plaintiff and three others were carrying a stick of timber along the staging. Before going upon it with the timber, the plaintiff asked Whitney if the staging was safe to work on, and Whitney replied that it was all right if not loaded down with timbers, and told the plaintiff to go on with his work and not ask so many questions.   The plaintiff testified that he made this inquiry because he thought the staging looked rather shabby and uneven.

At the close of the evidence the defendants moved that a verdict be directed in their favor on the ground that the plaintiff had not made out a case entitling him to recover, which motion the court overruled *pro forma.*   This saved the question whether the plaintiff, upon his own showing, was guilty of contributory negligence.   The writer of the opinion is inclined to think that the defendants were entitled to have a verdict directed, on the ground that the plaintiff had repaired an injury to the staging of such a nature, and so caused, that the repairing could not have failed to call the attention of a prudent and experienced mechanic to the improper construction and weakness of the structure.   But

a majority of the court are satisfied that there was a case for the jury.

The court, for the purposes of the trial, charged that it was the duty of the defendants to furnish a reasonably safe staging for the plaintiff to do his work upon. The general rule requires that the master provide for his servant a reasonably safe place in which to work. The question is whether a structure of this character is within the general rule. It has been held not to be, in a number of well considered cases in other states, and we think upon sufficient ground. There is a plain distinction between places prepared by the master through the agency of one class of servants for the occupancy of another class in some employment to be therein carried on, and places prepared for temporary use in the erection of a building by those employed for that work. The latter are not places in which to work in the ordinary sense of the term, but instrumentalities which the workmen themselves provide as means of carrying on the work they are employed to do. It was the duty of those employed to build the defendants' mill to erect whatever staging was necessary to their undertaking. The defendants were responsible for the sufficiency of the materials provided for the staging, but not for the manner in which their workmen used them. 1 Shear. & Redf. on Neg. 317.

The case presents the further question whether a staging is within this rule as to a workman who comes upon the job after it is built. It is true that the plaintiff sustained no relations to the defendants or their workmen while the staging was being built, and that as far as his service, considered individually, was concerned, he went to work upon it as a place prepared for his use. But the plaintiff's service involved no use of the staging that was independent of the work of construction, and it had been prepared, not by the master as something which he undertook to provide for the plaintiff, but by his workmen as a part of the general work which they had undertaken to do, and upon which plaintiff entered. We think that in associating him-

self with these workmen for the completion of the building by the use of the staging already erected, the plaintiff assumed the risks which attached to the workmen generally. The test of the master's liability is not whether the servant came before or after the staging was built, but the relation which the structure sustained to the relative duties of master and servant. It was said in *Hogan* v. *Smith,* 125 N. Y. 774, that the fact that the workman came after the standing-place was erected simply tended to free him from the charge of contributory negligence, but did not alter the relation which the master sustained to his servants and their work. It is true that some of the reasoning of that case would be inapplicable to this, because of the different facts involved. In that case the platform fell short of completion because of the failure to lay down some additional planks, while in this the platform was complete in all its parts, but insecurely put together, and that because of the personal directions of the foreman. But when it is held that it was the duty of the workmen to provide the staging as an incident of their employment, the relation of the foreman to that part of the work is determined. It was not a matter regarding which the master owed an exceptional duty because of its requiring the direction of one specially skilled. The points wherein the structure failed were matters within the knowledge of all experienced carpenters. In the erection of the staging, Whitney was the fellow-servant of all who worked upon the job, whether actually engaged in its erection or not.

It is true that a master is liable to his servant for injuries caused by the negligence of an incompetent fellow-servant whom he has negligently employed, and that it appears from special findings that Whitney was not a competent person to have charge of this work and that the defendants ought to have known it. But the judgment cannot be sustained on these findings, for the plaintiff could not recover on any ground if guilty of contributory negligence, and the finding that he was not thus guilty was under instructions applicable to the case as submitted, but not such

as the defendants would otherwise have been entitled to. The jury were left to consider the conduct of the plaintiff upon the theory that he had a right to assume that the staging was safe until something came to his notice from which he ought to have known that it was unsafe. In this view, the plaintiff's duty to exercise caution as regards the character and safety of the structure commenced only when he was put upon his guard concerning it. But if it was not the duty of the defendant to furnish a safe staging, the plaintiff had no right to proceed upon the assumption that it was safe, but was bound to consider the question of its safety from the start. The theory upon which the case was submitted was not only erroneous in itself, but harmful to the defendants on the question of contributory negligence.

*Judgment reversed and cause remanded.*