## PETER GARROW *v.* CHARLES MILLER.

May Term, 1900.

Present: ROWELL, MUNSON, TYLER, START, THOMPSON and WATSON, JJ.

Opinion filed May 24, 1900.

*Master and servant—Rule as to provision of a safe place does not apply to a staging*—The rule requiring the master to furnish his servant a safe place in which to work is not applicable to a staging built and used by employees as an instrumentality for carrying on the construction of a building. See the next preceding case.

*Master and servant—Relation of master to defective part of staging alone material*—In an action by a servant against his master for negligence in providing an insufficient staging, the fact that the master personally erected a part of the staging is immaterial, when it is not claimed that what he built was insufficient.

*Master and servant—Fellow-servant—Foreman a fellow-servant of other workmen in erection of staging*—The fact that the staging, through the defective

character of which the plaintiff's injury was caused, was constructed, in the absence of the defendant, by and under the direction of an experienced employee of the master, who took charge of the work, is immaterial. In the erection of the staging such employee was not a representative of the master but a fellow-servant of the plaintiff.

*The fellow-servant doctrine stated*—A master cannot be held for injuries sustained through the negligence of a competent fellow-servant.

CASE. Plea, the general issue. Trial by jury, Addison County, June Term, 1899, *Taft*, C. J., presiding. Verdict and judgment for the defendant. The plaintiff excepted.

The action was brought to recover for injuries alleged to have been caused by the negligence of the defendant in not providing for the plaintiff, his employee, a safe place in which to work.

It appeared that the plaintiff was seriously injured by the falling of a staging upon which, with others, he was at work in the employ of the defendant in the erection of a building in the Village of Bristol. The defendant had himself put up certain uprights which supported the staging, but it was not claimed there was any defect or insufficiency in the part of the staging so constructed by him.

It appeared that a part of the staging was defective, and that this part was constructed, in the absence of the defendant, by and under the direction of one Sorrell, an experienced workman in the employ of the defendant upon the job of building. There was evidence tending to show that Sorrell acted as the foreman of the defendant in the absence of the latter, who was away about one-third of the time.

The plaintiff claimed that the staging was insufficient on account of a defect in one of the cross-pieces, and the lack of a suitable number of cross-pieces. One of the cross-pieces had in it, near the middle, two knots, one of which was plainly discernible on its upper side as it lay in its position in the staging, while the other could not readily be seen except by an examination of that side of the cross-piece which was its under side when it had

been put into the staging. Each of the two knots extended across the stick used as a cross-piece, and being in close proximity, greatly impaired its strength. The evidence tended to show that this cross-piece which was in the center of the staging broke where the knots were and that the staging fell to the ground carrying the plaintiff with it.

The plaintiff claimed that the negligence arose in the performance of a duty for the careful discharge of which the defendant became responsible when he assumed the relation of master to the plaintiff, and that Sorrell was the defendant's vice-principal charged with the master's duty to provide a safe place for the plaintiff to work in.

The defendant claimed that, if the plaintiff's injury was caused by anyone but himself, it was caused by the negligence of a fellow-servant, and on this and other grounds moved for a verdict at the close of the plaintiff's case. This motion was denied upon the ground that the defendant might be liable for furnishing insufficient material, but the court held that any defect in the construction of the staging or any negligence in the selection of material was the negligence of a fellow-servant.

In the charge the court said : " If the platform was negligently constructed in the respects indicated, and insufficient, and would have fallen if the broken piece had been a sound piece, then the neglect was in the construction of the platform, and the neglect was the neglect of the workmen and not the neglect of the master. It was, in other words, the neglect of a fellow-servant. * * *

" And if that was true in this case, and you find that this platform was defective and would have fallen in any event, the defendant is not liable ; but if the staging was properly built in all respects besides this broken piece, and sufficient in all other respects, the question then arises : were the workmen negligent in taking that piece of lumber and putting it into the staging in the way, and for the purpose, that they did do it? It was their duty to examine any timber they put into the staging, especially

a piece which served the purpose of supporting the whole plat-form, or any part of it. * * * If this defect was visible, if a prudent man under the same circumstances would not have used the stick for that purpose, would have rejected it, then it was negligence on the part of the men putting it into the place which they did, and for the purpose for which they used it. And it would be the negligence of the workmen and not that of the defendant, and under these circumstances the plaintiff can-not recover."

*F. L. Fish* for the plaintiff.

*W. H. Bliss* for the defendant.

MUNSON, J. The general rule which makes it the duty of the master to provide for his servant a reasonably safe place in which to work, is not applicable here. A staging built and used by employees engaged in erecting a building is not a place pro-vided by the master for his servants to work in, but an instru-mentality provided by the servants as a means of carrying on the work they have undertaken to do. *Lambert* v. *Missisquoi Pulp Co.* 72 Vt. 278. The fact that the defendant personally erected a part of the staging is unimportant, for it is not claimed that what he built was insufficient. The part which caused the plain-tiff's injury was constructed during the defendant's absence by and under the direction of one Sorrell, an experienced workman, who acted as foreman when the defendant was away. In doing this work, Sorrell was not a representative of the defendant, but a fellow-servant of the plaintiff; for the act was one pertaining to the undertaking of the workmen and not to the duty of the master. A master cannot be held for injuries sustained through the negligence of a competent fellow-servant.

*Judgment affirmed.*