Hillsborough, }
  Dec., 1900.  }

## MANNING *v.* MANCHESTER MILLS.

If a master furnishes his servants with sufficient tools and appliances to carry on the work they are required to perform, he is not liable for an injury to one of them resulting from the failure of fellow-servants to make a proper use of the materials provided.

Where the plaintiff's evidence is insufficient to authorize a verdict in his favor, a verdict may be directed for the defendant after the introduction of evidence in his behalf and before its conclusion, if the deficiency in the plaintiff's case has not been thereby supplied.

CASE, for negligence. The plaintiff was a hod-carrier, employed by the defendants upon a mill which was being built a story higher. His evidence tended to prove the following facts : There was an opening in the flat roof of the mill through which a ladder had been erected for the use of the workmen. The ladder was secured at the top by cleats of wood, one on either side, nailed to the roof and converging so that the ends tended to hold the lad-

der in place.  The parts of the cleats farthest from the ladder were nailed to the tar and gravel roof, and the parts next the ladder to the boarding where the tar and gravel had been removed. Each cleat was secured by two nails, two or two and a half inches in length.  The plaintiff carried his hod upon his shoulder, and when he reached the level of the roof attempted to step off to the right.  When he did so, the cleat upon that side was turned by the pressure of the ladder, causing him to fall and sustain the injuries complained of.  The ladder and cleats were not defective and were proper for the purposes for which they were used; and the crew had access to nails with which to fasten the cleats to the roof.

At the close of the plaintiff's evidence the defendants moved for a nonsuit.  The court took the matter under consideration, and directed the defendants to proceed.  Before they had rested, the court directed a verdict for them, and the plaintiff excepted. He also excepted that a verdict was directed at this stage of the case.

*Burnham, Brown & Warren* and *Robert L. Manning*, for the plaintiff.

*Taggart & Bingham*, for the defendants.

PEASLEE, J.  Upon the question of the sufficiency of the plaintiff's evidence, the parties substantially agree as to the law; and the controversy is as to whether there was anything in the evidence which would have warranted a finding that the defendants failed to furnish to the plaintiff and his fellow-servants sufficient tools and appliances with which to carry on the work they were set to do.  If the defendants performed this duty, they are not liable for an accident which was caused by the failure of the plaintiff's fellow-workmen to make a proper use of what was furnished.  *McGinty* v. *Company*, 155 Mass. 183; *McCampbell* v. *Company*, 144 N. Y. 552; *Nash* v. *Company*, 62 N. H. 406.

Two positions are taken in the plaintiff's brief.  He says, first, that the roof was not a suitable one to fasten the cleats to unless long nails were used; and that this was a defect in the condition of the premises which contributed to cause the accident.  The record discloses no evidence tending to show that cleats could not be securely fastened to this roof, providing proper nails were used. This proposition, then, merely states in another form the complaint as to the sufficiency of the nails furnished.  The plaintiff's second position is substantially like the first.  As stated in his brief, it raises the question of "the suitableness of the nails sup-

plied from which to select those for fastening the cleats to the roof." There was evidence from which it might have been found that the nails which were used were unsuitable for the purpose. There was no evidence that other and suitable ones were not furnished. On the contrary, the plaintiff himself testified that there are always plenty of nails in such places, and that he had no doubt there were here. He was corroborated upon this point by two of his witnesses. If this fell short of being evidence that the defendants discharged their duty in this particular, it certainly was not evidence that they failed to do so. The burden was upon the plaintiff to establish the latter proposition; and having failed to produce any evidence tending to establish the truth thereof, a verdict against him was properly directed.

The plaintiff also excepted to the direction of the verdict after the defendants had opened their case and before they had closed their evidence. The motion for a nonsuit should have been granted without calling upon the defendants. It is not claimed that they introduced any evidence which supplied that which was lacking in the plaintiff's case. Granting all that the plaintiff claims as to rebutting evidence,— that he would have been able to controvert every fact brought out in the defence,— he would have been in the same situation as before. It could not avail him that he demolished the defendants' case when he had none of his own. The verdict was directed because he had no sufficient evidence, not because the defendants had more than he did. As it thus appears that none of the plaintiff's rights were infringed, it is immaterial when the motion was granted. It is of no consequence whether the action of the court was termed granting a nonsuit or directing a verdict. *Ordway* v. *Railroad*, 69 N. H. 429.

*Exceptions overruled.*

PIKE, J., did not sit; the others concurred.