Hillsborough, }
  Dec. 7. 1909. }

## ROBICHAUD *v.* MENDELL.

A master who furnishes sufficient and suitable appliances is not liable to a servant for injuries caused by the negligent selection of an improper instrumentality by a foreman in charge of the work.

A master who furnishes a sufficient supply of suitable materials for a temporary staging to be built and used by his workmen is not liable to a servant for injuries resulting from the negligent construction of the staging by fellow-servants.

CASE, to recover for injuries received while in the defendant's employ. Trial by jury and verdict for the plaintiff. Transferred from the May term, 1909, of the superior court by *Chamberlin*, J., on the defendant's exception to the denial of his motion for a nonsuit.

The evidence tended to prove the following facts: The defendant was erecting a building under contract, and employed masons and carpenters under different foremen. The plaintiff was a carpenter and was hired by the foreman in charge of the wood-work. At the time of the injury he was in the basement of the building, and by direction of the foreman was assisting in putting in place one of the timbers for the floor above. In doing this, use was made of a staging built by the masons and used by them in erecting the side wall. In lifting the timber, the plaintiff and one other were standing on the staging, when it was pushed over sideways and away from the wall, and the plaintiff fell and was injured. The only defect claimed in the staging was that it was not sufficiently braced. The defendant supplied suitable material in sufficient quantity for

stagings, but did not personally oversee their construction or direct the work at the time of the plaintiff's injury.

*Wason & Moran,* for the plaintiff.

*Taggart, Tuttle, Burroughs & Wyman,* for the defendant.

PARSONS, C. J.   The plaintiff has not attempted by brief or argument to support the verdict of the jury, and the theory upon which the defendant was on the evidence held to be in fault for the plaintiff's injury is not apparent.   The staging appears to have been sufficient for the work for which it was built, and the evidence is that it was strong enough to carry safely the weight of the timber.   If due care would have foreseen that putting the timber in place would tend to thrust the staging from the wall, and would have prevented the use of this staging without special bracing to guard against this danger, the failure to foresee and guard against the peril which resulted in the plaintiff's injury was merely the use of an unsuitable instrumentality for a particular purpose in the progress of the work. The selection of particular tools or instrumentalities for a part of the work, out of a sufficient suitable supply furnished by the master, is a part of the work and an act of fellow-service.   Whether the negligence in the use of the staging, as it was used in the condition it was, was the fault of the foreman or of other workmen, the act was the act of a servant and not the act of the master.  ·*Hilton* v. *Railroad,* 73 N. H. 116; *Shaw* v. *Railway,* 73 N. H. 65.   In the absence of evidence of fault in the defendant in employing and retaining an incompetent servant in the foreman in charge, his negligence in the use of instrumentalities does not charge the master.

The obligation of the master to exercise care as to the safety of the work-place does not extend to temporary perils arising in the course of the work which are a part of the work.   *McLaine* v. *Company,* 71 N. H. 294.   Neither does it extend to temporary structures necessary to carry on the work, which are erected by the workmen themselves and changed from time to time as the work progresses. As to these, the master's duty is performed by the exercise of care to supply suitable materials in sufficient quantity and competent workmen.   *Manning* v. *Manchester Mills,* 70 N. H. 582; *Garrow* v. *Miller,* 72 Vt. 284; *Hayes* v. *Railroad,* 187 Mass. 182; *Brady* v. *Norcross,* 172 Mass. 331, 333; *Kimmer* v. *Weber,* 151 N. Y. 417. The precise point involved was considered in *McLaine* v. *Company,* 71 N. H. 294, where in discussing the master's obligation as to the work-place it was said (*p.* 296): "An illustration is to be found in the cases where a part of the work of the servants is to build scaffoldings or stagings upon which to work.   In such cases it is no

part of the personal duty of the master to see that such places are safe. His duty ends with the supply of suitable materials." In *Thompson* v. *Bartlett*, 71 N. H. 174, the defendants' duty to prepare the staging was stated as a fact proved by the evidence. There was no controversy as to the sufficiency of the evidence upon which this statement was based. The only question passed upon was whether the plaintiff's fault conclusively appeared from his failure to discover the defect from which his injury resulted.

As there was no evidence of negligence chargeable to the defendant, the denial of the nonsuit was error.

*Verdict set aside : judgment for the defendant.*

All concurred.