# Studebaker v. Shelby Steel Tube Company, Appellant.

*Negligence—Master and servant—Defective scaffolding.*

In an action by an employee against his employer to recover damages for personal injuries caused by the fall of a scaffold constructed by the defendant for the use of its employees, the case is for the jury and a verdict and judgment for plaintiff will be sustained where the testimony is conflicting as to the safety of the method used in bracing the scaffolding.

Argued Oct. 13, 1909. Appeal, No. 193, Oct. T., 1909, by defendant, from judgment of C. P. Lawrence Co., March T., 1908, No. 58, on verdict for plaintiff in case of Charles Studebaker v. Shelby Steel Tube Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PORTER, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,775 and interest $349.18 making a total of $3,124.18. Defendant appealed.

*Error assigned* was various instructions.

*J. Norman Martin,* with him *Joseph W. Humphreys,* for appellant.

*Charles R. Davis,* with him *Robert K. Aiken,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 3, 1910:

This was an action to recover damages for injuries sustained by the plaintiff, from the fall of a scaffold under which he was working, upon the premises of his employer, the defendant company. The plaintiff was engaged at carpenter work upon some beams, and was working temporarily under a scaffold

which was constructed by the defendant company for the use of some bricklayers who were engaged in the erection of a brick wall. The plaintiff was entitled to a reasonably safe place in which to work, and the precise question here raised is whether the scaffolding which fell had been constructed and left by the defendant in a reasonably safe condition. The testimony in this respect shows a disputed question of fact. There is evidence tending to show that the scaffolding would not have fallen had it been securely braced; in the method of construction adopted, the braces extended only about eight feet from the ground, and this, according to the testimony of the foreman, Gallagher, was sufficient. On the other hand, the evidence of two expert and experienced builders called in behalf of the plaintiff, was that the safe and proper way to brace the scaffolding was to extend it much higher, and up to the platform upon which the bricklayers were to stand. They gave apparently good reasons for their opinion as to this matter. There was therefore a conflict in the testimony as to the safety of the method of construction used, which was sufficient to require the submission of the case to the jury. This was not one of the cases in which the employees built their own platform from materials furnished by the employer, or where the injury was due to the negligence of a coemployee. The defendant company had undertaken, as a separate matter, to furnish the scaffold in a completed form, and under the conflicting evidence, it was for the jury to say whether or not it had complied with its duty to so complete the scaffold as to make it reasonably safe for those who should be called to work upon or about it.

The verdict was informal, in apparently awarding interest, but the plaintiff was entitled to compensation for the delay, and no harm resulted from the setting out by the jury of the method by which they reached the total sum which they awarded as a verdict.

The assignments of error are overruled, and the judgment is affirmed.