Rockingham, }
April 3, 1917. }

## CHARLES E. FRAME v. GEORGE HOUSTON.

If a servant's work involve the preparation of his work-place and the master has provided suitable materials therefor, the selection of the materials therefrom becomes a mere act of service and whether such act be done by the servant himself, a co-servant, or one of superior rank, the master is not liable at common law for negligent selection.

If materials, so furnished, are then suitable but deteriorate and become unsafe, the master is not liable for an injury caused thereby to an experienced servant who has selected unsafe material therefrom, if the defect though invisible is as a matter of common knowledge the result of deterioration.

CASE, for negligence. Trial by jury. The plaintiff's evidence tended to prove that he was a painter of thirty-five years' experience. He was employed by the defendant, with other workmen, to paint the interior of a block. One of these men gave orders from time to time, which the plaintiff understood he was to obey. The men constructed their own stagings, as the work progressed. The plaintiff had occasion to paint the ceiling over a show window and for that purpose to lay a staging on some horizontal joists that were placed 16 inches on centers. He started to use some flooring but was directed by the boss to use what had theretofore been used over other windows. This material consisted of two pieces 1 x 2 inches and one piece 5 inches wide and half an inch thick. This was partly covered with lime. The plaintiff examined it and it looked all right. He used it to rest his shoulders upon, and it broke and caused him to fall.

At the close of the plaintiff's evidence a nonsuit was ordered at the May term, 1916, of the superior court by *Kivel*, J., who allowed a bill of exceptions.

*Sleeper, Brown & Frizzell* (*Mr. Sleeper* orally), for the plaintiff.

*Coulson & Frost* (of Massachusetts), and *Eastman, Scammon & Gardner* (*Mr. Scammon* orally), for the defendant.

PEASLEE, J. "If the work involves the preparation of a workplace, providing such a place is the duty of the servant and not of the master. The master's duty ends with providing suitable tools and materials for such purpose." *Sanborn* v. *Railroad*, 76 N. H.

523, 526. If the plaintiff had himself selected the material to use from a sufficient quantity there could be no recovery. And the same result would follow if the staging had been prepared by his fellow workman under like circumstances. *Manning* v. *Mills*, 70 N. H. 582. The mere fact that the fellow workman was a superior servant, who gave orders to the plaintiff, does not alter the rule. The test is not the rank of the servant, but the quality of the act done. *Galvin* v. *Pierce*, 72 N. H. 79. Selection of materials being a mere act of service, it continues to be such whether done by one of equal rank with the servant injured, or by one of superior rank; and its character is not changed when it is done by the plaintiff at the direction of a superior servant. There is no evidence that the boss was incompetent, nor that there were not sufficient materials available from which to construct a safe staging. Having so provided for the reasonable execution of the work the master fully performed the duty imposed upon him. What remained to be done was fellow service; and for its negligent performance the master is not liable at common law.

The case is governed by the rule laid down in *Haakensen* v. *Company*, 76 N. H. 443, 444: "If the defendants did not undertake to furnish the staging as a completed structure, but it was either expressly or impliedly agreed that the plaintiff and the men employed with him should build the staging as a part of the work they had undertaken to do, then the duty resting upon the defendants was that of using reasonable care in providing materials suitable in quantity and quality for the object in view and in employing suitable men to do the work. *Robichaud* v. *Mendell*, 75 N. H. 391; *McLaine* v. *Company*, 71 N. H. 294."

It is also argued that the board which broke contained a secret defect of which the defendant should have known. It is said that the fact that the board was partly covered with lime made detection of the defect difficult, and that therefore it should not have been included with those furnished for this use. But there is no evidence that it was in this condition when furnished by the defendant. If it became so in the course of the work, and if it can be found, as a matter of common knowledge, that such condition made the use dangerous, then the plaintiff and his associates, being presumed to possess such common knowledge, were in fault for selecting material which had become unsafe as the work progressed.

There is no direct evidence that the board contained a secret defect, or that its condition would conceal a defect discoverable in

a clean board. Common knowledge is relied upon to prove that the board was in the nature of a trap and calculated to deceive the plaintiff. But the same inference from common knowledge which would establish the existence of the secret danger, must be applied throughout. So applied, it proves the knowledge of the plaintiff and his associates of the danger incident to using such a board, and would admonish them to reject this as unsafe and in its stead use some of the other available material.

As to this feature of the case the plaintiff knew all that the evidence showed that the defendant knew. It would only be upon proof that the defendant furnished this board in an unsafe and disguised condition, representing it to be sound, that the plaintiff could recover. If there had been evidence that the board was in such a condition when furnished by the defendant, and that he ought to have understood that the men might use it for this purpose, believing it to be sound because it was so furnished, it could have been found that the master was in fault. But, as before stated, there was no evidence to warrant a finding that the board was so furnished, and the nonsuit was properly ordered.

The rule laid down in *Marston* v. *Portsmouth, ante,* 223, that the master may be liable for defects in instrumentalities developing in the course of the work, has no application to the facts here presented. That rule applies only when the master "knew or ought to have known of this danger" while the servant "neither knew nor was in fault for not knowing of it." *Ib.* The plaintiff here being a man of thirty-five years' experience, it could not be found that he was inexperienced, so as to be entitled to warning against the dangers ordinarily incident to his work.

*Exception overruled.*

All concurred.