HARRY D. MILLER *v.* JOHN B. DUNTON.

May Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1924.

*Master and Servant—Duty of Master to Supply Reasonably*
*Safe Staging for Brick Mason Employed as His Servant—*
*Master's Duty to Supply Servant Safe Place to Work May*
*Not Be Delegated.*

1. When, under the terms of employment of a brick mason, the
   master agreed to furnish the stagings, and did in fact erect
   them, it was the duty of the master to use due diligence to
   see that the structure was reasonably safe for the purpose
   for which it was intended.
2. The master cannot escape liability for the negligent perform-
   ance of his duty to supply his servant with a safe place to
   work by delegating the execution of such duty to another.

ACTION OF TORT for negligence. Plea, general issue. Trial
by jury at the September Term, 1923, Windham County, *Will-*
*cox,* J., presiding. Verdict directed for the defendant. The
plaintiff excepted. The opinion states the case. *Reversed and*
*remanded.*

*Barber, Barber & Miller* for the plaintiff.

*Carpenter & Clawson* and *A. F. Schwenk* for the defend-
ant.

POWERS, J.   The plaintiff, a brick mason, was employed
by the defendants to build a chimney in a building in Brattle-
boro, Vt.   By the terms of the employment, the latter was to
furnish the brick and mortar, a helper, and the stagings.
When, in the course of the work, the third story was reached,
the defendant, with the assistance of Fleming, the helper,
erected a staging and informed the plaintiff that it was ready
for him with brick and mortar on it.   When the plaintiff
8

mounted the staging to continue his work, it broke under him and by throwing him to the floor caused the injuries here sued for. The defect in the staging was in the ledger board, which' is the board that carries the load; this board was of insufficient strength to sustain the weight required.

The action is for common law negligence,. and at the close of the plaintiff's case, a motion for a verdict for the defendant was granted. The plaintiff excepted.

[1, 2] For the purposes of this review, it will be taken that the relation between the parties at the time in question was that of master and servant. This fact, however, is not determinative of the case. True it is that in *Lambert* v. *Missisquoi Pulp Co.,* 72 Vt. 278, 47 Atl. 1085, and *Garrow* v. *Miller,* 72 Vt. 284, 47 Atl. 1087, we held that it was there the duty of the employees, as a part of their undertaking, to erect the stagings required in the work, and that the defendants were responsible only for the sufficiency of the materials provided. It is frequently, but not always so in staging cases. It is not, so in this case. The liability of this master cannot be determined by the mere fact that the place where his servant was injured was a staging. The essential question is whether the former assumed to furnish the staging as a completed structure, or only undertook to provide the necessary materials for his servants to use as they pleased. As we have seen, the evidence was that the defendant agreed to furnish, and did in fact erect the stagings, and the rule of the law in such cases is that it is the duty of the master to use due diligence to see that the structure is reasonably safe. for the purpose for which it is intended; and he cannot escape liability for the negligent performance of this duty by delegating its execution. *Chicago & A. R. Co.* v. *Moroney,* 170 Ill. 52, 48 N. E. 953, 62 A. S. R. 396; *Akerson* v. *Dennison,* 117 Mass. 407; *Elliott* v. *Sawyer,* 107 Me. 195, 77 Atl. 782; *Blohm* v. *Boston Elevated Ry. Co.,* 221 Mass. 390, 108 N. E. 1040; *Studebaker* v. *Shelby Steel Tube Co.,* 226 Pa. 239, 75 Atl. 358, 18 Ann. Cas. 611; *Sims* v. *American Steel Barge Co.,* 56 Minn. 68, 57 N. W. 322, 45 A. S. R. 451; *Haakensen* v. *Burgess Sulphite Fibre Co.,* 76 N. H. 443, 83 Atl. 884, Ann. Cas. 1913B, 1122; *McCone* v. *Gallagher,* 16 App. Div. 44 N. Y. S. 697.

This very distinction was apparently in the mind of Judge Munson when he said, in *Lambert* v. *Missisquoi Pulp Co.,*

*supra,* ''There is a plain distinction between places prepared by the master * *'* * * and places prepared for temporary use in the erection of a building by those employed for that work.''

The error in the ruling under discussion resulted from a failure to notice and give effect.to this distinction; and it requires a reversal of the judgment. This holding makes it unnecessary to notice the other exceptions saved by the plaintiff.

*Reversed and remanded.*