SAMUEL LA COE *v.* EARL S. KINSLEY.

Special Term at Rutland, November, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 10, 1934.

*Novak & Bloomer* for the plaintiff.

*Fenton, Wing, Morse & Jeffords* for the defendant.

GRAHAM, J.  The plaintiff was employed by the defendant in the summer of 1932 to perform general labor in connection with certain construction work then being done at defendant's camp in Mendon.  The work consisted of tearing down an old barn, grading land, and constructing a cement dam.  Clayton Willis was in full charge and control of the work as defendant's foreman; also at work on the job with the plaintiff were Robert Currier and Edward Willis.  In taking down the barn, such material as was considered suitable for use in constructing the forms for the concrete dam was selected.  The nails were drawn from this lumber and it was piled up where it would be available for that general purpose.  The plaintiff assisted in drawing the nails and making the selection.  The lumber selected consisted of two by four timbers, boards, and planks.  The forms for the dam were made ready to receive the cement by nailing boards inside the studding of the framework.  After the boarding had proceeded upward from the bottom as high as the men could reach, it was necessary for the convenience of the work to erect a staging upon which the men could stand to fit and nail the boards.  A staging was then built by Currier and Edward Willis about six feet above the concrete footing.  It was built of materials selected by one of the men from the pile of lumber which had been taken from the old barn.  The plaintiff had nothing to do with the erection of the staging.  The defendant also was not present, and, so far as shown by the record, did not know of the erection of the staging or the necessity for it until after the accident.  The staging was constructed by nailing cleats vertically inside the boarding, to which were

fastened one-inch boards for cross-pieces or ledger boards, and across the ledger boards were laid two-inch planks. The plaintiff came upon the staging after it was built to assist in boarding up the forms. While Currier and Edward Willis were pushing upward to hold a board in place for the plaintiff to nail, one of ledger boards broke, causing plaintiff to fall to the concrete footing below, and thereby injurying him.

■■ This is a common-law action of negligence to recover damages for those injuries. The contention of the plaintiff is that the board constituting the ledger board was old hemlock lumber and unsuitable for the purpose for which it was used. In other respects, so far as it appears, the staging was built of suitable materials. The competency of the workmen is not questioned. At the close of the evidence, the court directed a verdict for the defendant, and the plaintiff excepted.

This is not a case where the defendant undertook to provide for the plaintiff a staging as a completed structure, and the rule of law as stated and applied in *Miller* v. *Dunton,* 98 Vt. 113, 126 Atl. 492, and *Travelers Insurance Co.* v. *Evans,* 101 Vt. 251, 143 Atl. 290, is not applicable.

· On the facts here the staging was an instrumentality provided by the workmen themselves as a means of carrying on the work which they were employed to do, and the rule announced in *Lambert* v. *Missisquoi Pulp Co.,* 72 Vt. 278, 47 Atl. 1085, and *Garrow* v. *Miller,* 72 Vt. 284, 47 Atl. 1087, is controlling.

Under the rule of these last-named cases it was the duty of the defendant to exercise due diligence to provide suitable and sufficient materials from which a proper selection might have been made to construct the staging. If this obligation was discharged, the responsibility of the defendant was at an end. He is not responsible for the sufficiency of the material selected by the workmen from the mass, nor for the manner of construction; for, in the performance of those functions, the workmen, including the foreman, were acting as fellow servants. See *Brown* v. *Peoples Gas Light Co.,* 81 Vt. 477, 484, 71 Atl. 204, 22 L. R. A. (N. S.) 738; *Cross* v. *Passumpsic Fibre Leather Co.,* 90 Vt. 397, 411, 98 Atl. 1010.

■ The case, then, presents the single question whether the evidence, taken most favorably for the plaintiff, made an issue for the jury on the question of the defendant's negligence in

failing to provide a sufficient quantity of suitable lumber for a staging.

The ledger board which broke was a one-inch hemlock board, ten inches wide and about six feet in length. There was nothing about it to indicate unsoundness; it was not cracked, warped, or decayed. Its insufficiency for the purpose, if any, consisted of its being short-fibered wood, a characteristic of hemlock, and its carrying strength had been further weakened in some degree by age. This board was selected by one of the plaintiff's fellow employees from a quantity of other lumber which came from the demolished barn, consisting of boards, two by four timbers, and two-inch planks, which were suitable and available for the construction of the staging. Even a board of the quality selected might have been used in more than one thickness to insure safety.

The fault here, if any, was either in the selection of material from a sufficient and available supply, or in construction, for which, as we have seen, the defendant is not liable.

*Judgment affirmed.*