## RICHARDSON *v.* WEARE.

A new trial will not be granted, because the jury were directed to find, specially, material facts in addition to the general verdict.

When the special finding is inconsistent with the general verdict, the former controls.

CASE, for damages from a defective highway, tried on the general issue. After the jury had received general instructions, which included the instruction that if the injury was in any degree the result of the plaintiff's want of ordinary care, the verdict must be for the defendants, by request of the defendants' counsel the jury were directed to answer this question : Did the injury to the plaintiff occur in consequence of any neglect or fault on his part? A general verdict was returned for the plaintiff, and the special question was answered in the affirmative. The court ordered judgment for the defendants, and the plaintiff excepted.

*Sulloway, Topliff & O'Connor*, for the plaintiff.

*Cross & Taggart* and *A. F. Stevens*, for the defendants.

ALLEN, J. It was decided, in *Walker* v. *Sawyer*, 13 N. H. 191, 196, 197, that, in a case tried on the general issue, the court would not submit a particular question of fact to be found and returned by their verdict, without the consent of the parties. But when it is proposed to submit specific questions to the jury, it will be taken for granted that the parties assent, unless they object at the time, and before the jury retires. *Willard* v. *Stevens*, 24 N. H. 271, 277; *Allen* v. *Aldrich*, 29 N. H. 63. And later, in *Barstow* v. *Sprague*, 40 N. H. 27, 33, it has been decided that the court, against the objection of either or both parties, may properly direct a jury to return, with a general verdict, answers to specific questions submitted to them. No objection having been taken, at the time, to the submission of the special question to the jury in this

case, the plaintiff must be understood to have consented, and the objection after verdict comes too late.

The special finding of fact was conclusive ( *Walker* v. *Sawyer,* *supra,* 196, 197, *Willard* v. *Stevens, supra,* 277), and, being a material fact upon which the general result depends, it must control the general verdict.   The court having given specific and correct instructions to the jury upon the subject, and that their general verdict must be for the defendants, if they should answer the question in the affirmative, the plaintiff could not have been prejudiced nor the jury embarrassed by the question.   *Johnson* v. *Haverhill,* 35 N. H. 74, 87.   Upon the answer to the special question, the defendants were entitled to a general verdict and judgment.

*Exceptions overruled.*

STANLEY, J., did not sit : the others concurred.