GEORGE W. BABCOCK *vs.* OLD COLONY RAILROAD
COMPANY.

Suffolk.    November 13, 1889. — January 2, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Master and Servant — Railroad — Freight Brakeman —
Due Care — Negligence — Obstruction by Side of Track.*

A freight brakeman on a railroad, in getting upon a moving engine in the course of
his duty, was injured by striking against some sleepers in its freight-yard, piled
five weeks before within seventeen or eighteen inches of the track, which he failed
to remember or did not know were there. *Held,* in an action by the brakeman
against the railroad company, that it was a question for the jury whether the
plaintiff was in the exercise of due care and the defendant guilty of negligence.

The section master, who shared with others the responsibility of supervising the
place, and who had received printed instructions signed by the general manager
to see " that no wood, lumber, ties, or other obstructions are piled within six
feet of the track," was daily on the spot, and knew that the sleepers should
have been piled in another place. *Held,* that whether the company had so
intrusted the section master with the performance of any part of its duty of
supervising its tracks as to render itself liable to the brakeman for the section
master's negligence was also a question for the jury.

At the trial, the presiding judge refused to instruct the jury, as requested by the
defendant, " that, if the defendant had used reasonable care in the supervision
of the section men and of the use of the yard, the plaintiff could not recover
for the neglect of the section men in leaving the ties by the track, or the neglect
of the yard-master or the section master or road-master in failing to have
them removed, or to report that they were there," but instructed them, in sub-
stance, that the defendant would be liable if its supervising agents, although
intelligent and competent, neglected their duty, if they were doing the master's
duty ; and that the real question was whether the defendant had failed through
its appropriate servants and agents to exercise such care and supervision as it
ought to have exercised to prevent the sleepers from being where they were.
*Held,* that the defendant had no ground of exception.

TORT for personal injuries received by the plaintiff while in
the employment of the defendant.    At the trial in the Superior
Court, before *Pitman,* J., there was evidence tending to prove
the following facts.

The plaintiff, a freight brakeman in the freight-yard of the
defendant at South Boston, on July 30, 1885, while in the per-
formance of his duty, attempted to get upon the footboard of
the tender of a switching engine while it was in motion, and
was injured by striking against some railroad ties which had

been taken from the track by the section men employed in keeping it in repair, and piled up within seventeen or eighteen inches of the rails. The plaintiff testified that he did not know the ties were there, and did not remember having ever seen them until he was hurt.

The yard-master in charge of the yard at the time, called by the plaintiff, testified that the pile of sleepers was three or four feet wide at the bottom, and that he should judge it had been there "within the vicinity of five weeks"; that the ties were piled there by the section men, and that it was the duty of the road-master, under whom the section men worked, to order them to be removed; that the road-master was in the yard every few days, but that there was no stated time for him to be there.

The road-master, section men, and switch-tender in the yard, called by the defendant, testified that there were only three ties, and that they had been by the side of the track for only two or three days. It did not appear that there was anything to prevent the ties being seen by a person walking about in that part of the yard.

The road of the defendant company was divided into divisions for the care and maintenance of the track, each division being under the charge of a division road-master. The road-master in charge of the division which embraced the South Boston yards was in and about the Boston yards almost daily. Each division of the road was subdivided into sections under the charge of section masters, and the section master of the South Boston yard was one Burke, who worked with his gang of section men in and about the yard daily. A yard-master was in charge of the freight-yard during the day, and also whenever it was used at night, who was instructed to report to the station agent by whom he was appointed, or to the superintendent of that part of the road, any obstruction of the tracks or the yard rendering them unsafe for use. Printed instructions signed by the general manager of the defendant company were given to section masters, which prescribed their duties, and provided, among other things, that "they will see that no wood, lumber, ties, or other obstructions are piled within six feet of the track." These instructions were received by the section master of the section embracing this yard, and both he and the section men understood that it was

contrary to the regulations and instructions of the company to leave ties or other obstructions within six feet of the track ; and at the yard where the accident occurred there was a place provided where the ties which caused the accident in this case should have been piled when they were taken from the track. The instructions above stated were known also to the yard-master. The freight-yard in which the injury occurred was used for the storage of freight cars, and switching engines were passing over its various tracks many times daily. It was at the principal terminus of the road, and was frequently visited by the station master and transportation agent having charge of the stations, grounds, and yards of the defendant at that terminus.

Upon this evidence, which was all the evidence upon the question of the defendant's liability, the defendant requested the judge to rule that the plaintiff could not recover, and to order a verdict for the defendant ; but the judge declined so to rule, and submitted the case to the jury. The defendant then requested the judge to instruct the jury that the section master was a fellow servant of the plaintiff, and that the plaintiff could not recover for his negligence in leaving the ties by the track. The judge declined to give the instructions requested, and instructed the jury as follows : " In regard to the section master, I am asked to instruct you that the road is. not responsible for his negligence. Instead of doing that, I shall give you a general proposition, and shall say, that if the section master was simply there directing the work of the men, then, if the men were careless, and he was careless in permitting them to leave these sleepers there, and keep them there, the road would not be responsible for it. If you find the section master had, under the rules and regulations for the operation of the road upon the evidence in the case, the duty of supervision, which duty he neglected, of afterwards seeing that these things were removed, why then that might be negligence for which the road would be answerable." The judge also instructed the jury, that, if this obstruction had existed only two or three days, it would be for them to inquire whether it should or should not have drawn the attention of those whose duty it was to supervise the road, whether they either saw or ought to have seen it,

and so failed of proper supervision in not removing it before the accident.

The defendant also requested the judge to instruct the jury, that, if the defendant had used reasonable care in the supervision of the section men and of the use of the yard, the plaintiff could not recover for the neglect of the section men in leaving the ties by the track, or the neglect of the yard-master or the section master or road-master in failing to have them removed, or to report that they were there. The judge declined to give the instructions requested, and instructed the jury that the question for them was whether the sleepers were left where they were by the mere negligence of a section man in throwing them as they were and not removing them, or by negligence in the supervising agents of the road in suffering them to remain where they were the length of time they did so suffer them ; that it was not enough that the servants and agents of the defendant were competent and suitable persons, and had received proper instructions, because the defendant must go further, and show that those servants had done their duty in the matter if they were doing the master's duty; that it was not sufficient that the servants were intelligent and competent, but if they neglected their duty the defendant was still responsible, unless it should have exercised responsible care and supervision over them in seeing that the place was in proper condition; that in determining this something would depend (it was for the jury to say how much) upon the time which they should find the sleepers to have continued there, — whether the proximity to the other officials of the road, the main freight-house, and the frequency with which the engines were running up and down there, should or should not have drawn the attention of those whose business it was to supervise the road to this matter, — whether they either saw it, or ought to have seen it, and so failed of proper supervision in not removing it before the accident; and that the real question was whether the defendant had failed through its appropriate servants and agents to exercise such care and supervision as it ought to have exercised to prevent the sleepers from being where they were.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. H. Benton, Jr.,* for the defendant.

*R. M. Morse, Jr. & M. Morton, Jr.,* for the plaintiff.

KNOWLTON, J.  The plaintiff, at the time of the accident, was engaged in the performance of his duty.  He had a right to expect that the defendant's track would be free from such obstructions as that which caused his injury.  He testified at the trial, that he did not know the sleepers were there, and did not remember having ever seen them until he was hurt.  If he had never noticed them, or if he had seen them and at the time of the accident failed to remember that they were there, we think it was a question for the jury whether he was in the exercise of due care.

The defendant contends that there was no evidence of negligence on the part of the defendant.  A pile of railroad sleepers had been left within seventeen or eighteen inches of the rails, and the yard-master testified that they had been allowed to remain there five weeks.  Other witnesses said they had been there only two or three days.  It is the duty of a railroad corporation to use reasonable care and diligence to keep its tracks in a safe condition for its employees to work upon.  So far as the work of keeping its tracks in repair is left to its servants, it is its duty to exercise reasonable supervision to see that the work intrusted to them is properly done.  How far into details this supervision must go before the domain which belongs exclusively to the master is passed and the domain which may be left to servants is entered, depends upon what it is reasonable to require of a master who is charged with the duty of providing safe works, machinery, tools, and appliances for his employees.  In some cases this may be a difficult question to decide.  But undoubtedly a jury may find that a railroad corporation should so far supervise the work of its servants in repairing its tracks, as to see that a pile of sleepers three or four feet wide is not left for a long time within eighteen inches of the rails in the freight-yard of an important station.  The condition of the road under the circumstances shown was evidence of negligence of the defendant corporation.  *Snow* v. *Housatonic Railroad,* 8 Allen, 441. *Holden* v. *Fitchburg Railroad,* 129 Mass. 268.  *Elmer* v. *Locke,* 135 Mass. 575.  *Ferren* v. *Old Colony Railroad,* 143 Mass. 197. *Griffin* v. *Boston & Albany Railroad,* 148 Mass. 143.

The next question in the case is, whether there was evidence to warrant the judge in submitting to the jury the question whether the section master was so far charged with the duty of supervision that the defendant might be liable to one of its servants for his negligence. It is well settled that one who is in some things a mere servant may be made the master's agent to perform duties which are primarily personal to the master. *Moynihan* v. *Hills Co.* 146 Mass. 586, and cases cited. If in the present case the section master was intrusted by the defendant with the performance of the duty, or a part of the duty, of supervision of the tracks which a reasonable regard for the safety of its employees required the corporation to perform, the defendant is liable for his negligence in the performance of it. There was evidence tending to show that different persons had some responsibility in representing the defendant in this respect. A part of the printed instructions to section masters was in these words: "They will see that no wood, lumber, ties, or other obstructions are piled within six feet of the track." It does not very clearly appear what other measures were taken by the defendant promptly to ascertain the existence of defects or obstructions along the track. The evidence on this branch of the case is rather meagre, but we cannot say that there was not enough to warrant the judge in submitting the question to the jury under the instructions which he gave.

The only other exceptions relate to the general statement of the law in the instructions to the jury, and the refusal of the judge to instruct them, "that, if the defendant had used reasonable care in the supervision of the section men and of the use of the yard, the plaintiff could not recover for the neglect of the section men in leaving the ties by the track, or the neglect of the yard-master or the section master or road-master in failing to have them removed, or to report that they were there." This instruction could not properly be given, because it required of the corporation merely supervision of the section men and of the use of the yard, and disregarded the duty of the defendant to use reasonable care in looking after the condition of the road in other particulars. It may have been the duty of the yard-master, or the road-master, to exercise this supervision, and if he discovered neglect, to see that the road was not left in a dangerous condi-

tion on account of the neglect. Under the instructions requested, the yard-master or road-master might have used reasonable care in the supervision of the section men, and been negligent in the performance of a part of the master's duty which was incidental to supervision, namely, the correction of the errors which supervision disclosed. We are of opinion that the instructions were correct and sufficient.        *Exceptions overruled.*