CLARA E. PATCH & another *vs.* DENNIS C. COLLINS.

Middlesex. January 23, 1893. — March 8, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Mechanics' Lien — Equity — Tender — Injunction.*

B , having contracted to build A a house, made a sub-contract with C. for a certain sum, payable when the work was done. A. obtained B.'s consent that three hundred dollars of the principal sum due from A. to B. should be paid to C. "on account of the labor done and to be done under the sub-contract." The money was tendered to C., and he declined it. C.'s work was not then completed, and there was nothing to show that anything was due him. A. brought a bill in equity against C. to restrain him from enforcing a mechanic's lien by sale of the premises so far as the same was claimed for the sum tendered. *Held,* that if the amount tendered was in fact then due C., and C.'s contention was sound that the tender of an amount due less than the total sum discharges the lien *pro tanto,* although not accepted, A. could have pleaded this in defence of the action brought to enforce the lien, and if, on the other hand, there was nothing due C. at the time of the tender, he was not obliged to receive the money on account.

BILL IN EQUITY, to restrain the defendant from enforcing a mechanic's lien by the sale of the premises, or otherwise, so far

as the same was claimed for a certain sum tendered to the defendant and declined by him.    The defendant demurred for want of equity.    In the Superior Court the demurrer was sustained, and the bill was dismissed; and the plaintiffs appealed to this court.    The facts appear in the opinion.

*G. W. Parke,* for the plaintiffs.

*M. F. Farrell,* for the defendant.

LATHROP, J.    We see no ground upon which this bill can be maintained.    The defendant made a sub-contract to furnish the materials and labor necessary in the mason-work of the house of the first named plaintiff, for the sum of nine hundred and twenty-five dollars.    The bill does not set forth when this amount was payable, but we assume that it was when the work was done.    Subsequently he received three hundred dollars from the general contractor, which he applied to the payment for the materials. Some months later, when the principal sum was coming due from the plaintiff to the general contractor, she obtained the latter's consent that three hundred dollars of the sum should be paid to the defendant " on account of the labor done and to be done under the sub-contract."    This money was tendered to the defendant, " to be applied on account of labor furnished or performed by him."    The defendant's work was not then completed, and, so far as appears, nothing was then due him.    It is true that the bill alleges that this sum was then due him for labor ; but, taking this allegation in connection with the other allegations of the bill, we think it is fairly to be construed to mean that the defendant had earned or expended this amount for labor.    If this amount was in fact then due him, and the defendant's contention is sound that the tender of an amount due less than the total sum discharges the lien *pro tanto*, although not accepted, the plaintiff could have pleaded this in defence of the action brought by the defendant in the Superior Court to enforce the lien given him by the Pub. Sts. c. 191, § 2.

If there was nothing due the defendant at the time of the tender, we are of opinion that he was not obliged to receive the money on account.

In this view of the case, it is unnecessary to consider whether, as the plaintiff is not now prepared to pay the money tendered, a court of equity should aid her.                    *Bill dismissed.*