Rockingham, }
Dec., 1894. }

FOLSOM, *Adm'r*, v. CONCORD & MONTREAL RAILROAD.

A new trial may be granted when it appears from a discrepancy between a special and a general verdict that the jury failed to comprehend the instructions given them.

CASE, for negligently causing the death of the plaintiff's intestate, George F. McMurphy, who was struck by a locomotive while driving over a highway crossing of the defendants' railroad, and sustained injuries which resulted in his death. At the defendants' request and against the plaintiff's objection, the following questions were submitted to the jury: (1) Whether the act of McMurphy contributed to cause the accident? (2) Whether the act of the railroad contributed to cause the accident? The jury answered both questions in the affirmative, and returned a general verdict for the plaintiff.

*Edwin G. Eastman* and *Greenleaf K. Bartlett*, for the plaintiff.

*Frank S. Streeter* and *Joseph W. Fellows*, for the defendants.

SMITH, J. Ordinarily the special will control the general verdict. *Richardson* v. *Weare*, 62 N. H. 80. The instructions in this case were correct, and if it were certain that the jury in answering the first question were not confused or misled, the defendants would be entitled to judgment. There is ground for contending that the " act " was understood by them to mean want of ordinary care. Undoubtedly that was what was intended by the propounder of the interrogations. But if the

jury so understood, it is difficult to explain by what process they reached the conclusion embodied in the general verdict. The decedent's act in driving over the crossing undoubtedly caused his death, for if he had not so driven he would not have been injured. So, also, the defendants' act in moving their train over the crossing caused the accident, for if they had run it more slowly, or, as was said in argument, at a slightly slower rate of speed, the deceased would have escaped injury. While, as the jury found, the joint acts of the deceased and the defendants contributed to cause the accident, it has not been found that those acts were negligent, except by inference from the result reached in the general verdict. There is such a strong probability that the jury failed to comprehend the instructions, that we think a new trial should be granted.

*Verdict set aside.*

CLARK, CHASE, and WALLACE, JJ., did not sit: the others concurred.