Hillsborough,
    Dec. 3, 1901.

THOMPSON v. BARTLETT, HAYWARD & CO.

A servant is not bound to make an inspection for the purpose of determining
  whether the place and the appliances furnished by the master are reasonably
  safe and suitable, and is not chargeable with negligence as matter of law if
  he proceeds with the execution of the work for which he was employed, in
  reliance upon a due performance of the master's duty.

CASE, by a servant, for personal injuries alleged to have been
caused by the failure of his employers to furnish him a reasonably·
safe place in which to work.   Trial by jury and verdict for the
plaintiff.   Transferred from the May term, 1901, of the superior
court by *Pike*. J.

The defendants are a corporation engaged in the manufacture
and erection of boilers, tanks, etc.   In the summer of 1900 they
were under contract to erect a gasometer tank for the Nashua
Light, Heat & Power Company.   The tank was about ninety feet
in diameter and twenty-four feet in height.   It was constructed
of plates of wrought iron, each six feet wide, riveted together.
The plates were beveled at the edges, and after they were riveted,
the edges were caulked.

It was the defendants' duty to prepare stagings for the caulkers,
and to move the stagings from one place to another, as the work
of the caulkers required.   The plaintiff entered the service of the
defendants as a caulker, June 22, 1900.   He was fifty-four years
of age, of ordinary intelligence, and had been engaged in the
boiler business thirty-four years.   His duty required him to caulk
the beveled edges between the plates.   To enable him to do this,
stagings were erected by the defendants, by placing horses with
projecting ledger-boards near to the inside of the tank and laying
a double row of planks upon the ledger-boards, so that the planks
would project over the boards sufficiently to make them secure to
walk upon.   The ledger-boards were about ten feet apart, and the
planks were about two inches thick, ten to twelve inches wide,
and twelve feet long.

The plaintiff's evidence tended to prove the following facts:
Before July 21, 1900, the day that the plaintiff was injured, he
had caulked all of the edges of the tank, except those portions
where the horses, some twenty in number, prevented.   On the
morning of the accident, the defendants moved the horses away
from the inside of the tank about eight inches, so that those por-
tions of the edges that had been covered by the horses could be
caulked.   The plaintiff walked once over the planks in their

changed position without discovering anything wrong in the way the planks were placed. When he had finished the caulking, he began to retrace his steps to the ladder that led from the staging to the top of the tank. After the plaintiff walked over the planks in their changed position, the defendants moved the horses back against the tank, but in such a way that one of the planks was insecurely placed. Instead of reaching to and being supported by a ledger-board, one corner of the end farthest from the plaintiff rested only upon another plank. The plaintiff knew that the horses had been moved back, but not that the plank was insecurely placed. There was nothing to prevent him from seeing the position of this plank if he had looked at its farther end. While retracing his steps to the ladder his duty required him to examine the beveled edges of the plates, to see that the caulking had been properly done. He took two or three steps upon the insecure plank, and it began to fall. He was unable to save himself and fell with it, sustaining his injuries.

The defendants' evidence tended to prove that when the staging was moved away from the side of the tank they did it in a proper manner; that they never moved it back again as the plaintiff claimed; and that the danger was one about which the plaintiff knew or should have known by the exercise of ordinary care.

At the close of the evidence the defendants moved that a verdict be directed in their favor. The motion was denied, and they excepted.

*Doyle & Lucier* and *George B. French*, for the plaintiff.

*Hamblett & Eaton*, for the defendants.

REMICK, J. For present purposes it must be assumed that it was the legal duty of the defendants to prepare and move the staging for the plaintiff, and in such manner that it would be and remain in a reasonably safe condition; that notwithstanding this duty, the defendants so moved the staging, just previous to the plaintiff's injury that one of the planks was insecurely placed; that the plaintiff had no actual knowledge that the plank was misplaced, or of the danger arising from it, and had no opportunity for knowledge other than that afforded by the circumstances attending his approach to the danger at the very time of his injury; that during this brief interval his attention was preoccupied with his own peculiar duties as the defendants' servant.

Upon these facts we are asked to say, as a matter of law, that the plaintiff ought to have discovered the danger occasioned by the misplaced plank, and avoided it. It is indeed settled, at least

in this jurisdiction, that actual knowledge of the danger is not necessary to bar recovery. The rule in this respect was clearly stated by *Carpenter, J.,* in *Nashua Iron and Steel Co.* v. *Railroad,* 62 N. H. 159, 162, as follows : " The result is the same whether the plaintiff acts with full knowledge of the danger, or, by reason of a want of proper care, fails to discover it seasonably. If he is not bound to anticipate, and in advance provide for, another's negligence, he may not willfully or negligently shut his eyes against its possibility. He is bound to be informed of everything which ordinary care would disclose to him. He can no more recover for an injury caused by driving into a dangerous pit, of which he is ignorant, but of which ordinary care would have informed him, than for one caused by carelessly driving into a known pit." But in the application of this rule to the relation of master and servant, it is to be borne in mind that where, as is expressly found in the present case, and as is the general rule, it is the duty of the master to provide the servant a safe place and safe appliances, the servant is not bound to inspect to see whether the master's duty in this behalf has been performed, but may, without being subjected to the consequences of contributory negligence, proceed with his work, relying upon the presumption that it has been performed, unless the circumstances are such that, notwithstanding the duty of the master and the presumption of performance in favor of the servant, the servant ought in the exercise of ordinary care to discover the master's default and avoid the danger arising from it. *Hutchinson* v. *Railway,* 5 Exch. 343 ; *Union Pacific R'y* v. *Jarvi,* 53 Fed. Rep. 65, 68, 69 ; *Norman* v. *Railroad,* 62 Fed. Rep. 727, 728, 729 ; *Clow* v. *Boltz,* 92 Fed. Rep. 572, 574, 575 ; *Northern Pacific R. R.* v. *Everett,* 152 U. S. 107 ; *Whitcher* v. *Railroad,* 70 N. H. 242 ; *Hennessy* v. *Boston,* 161 Mass. 502 ; *Bartholomeo* v. *McKnight,* 178 Mass. 242 ; *Whipple* v. *Railroad,* 19 R. I. 587 ; *Comben* v. *Company,* 59 N. J. Law 226 ; *Cole* v. *Company,* 63 N. J. Law 626 ; *Chicago etc. R. R.* v. *Hines,* 132 Ill. 161 ; *Chicago etc. R. R.* v. *Cullen,* 187 Ill. 523 ; *Russell* v. *Railway,* 32 Minn. 230 ; *Cook* v. *Railway,* 34 Minn. 45 ; *Gibson* v. *Railroad,* 46 Mo. 163 ; 14 Am. & Eng. Enc. Law (1st ed.) 854, 855 ; Shearm. & Red. Neg. (2d ed.) 95.

Having in mind that it was the defendants' duty to make and keep the staging reasonably safe for the plaintiff ; that the plaintiff had the right to presume that this duty had been performed by the defendants ; that the plaintiff had no actual knowledge of the defendants' default in respect to the misplaced, plank, and no opportunity for knowledge other than that afforded by the immediate circumstances and occasion of the injury, and while he was preoccupied with his own duties, the court would hesitate to say,

even were it the court's province, that the plaintiff ought in the exercise of ordinary care to have discovered the danger. Much less can the court say that it is so clear that the plaintiff ought to have discovered the danger that impartial men, acting as jurors, could not reasonably have found otherwise.

Whether the plaintiff ought to have discovered the danger was, under the circumstances, a question for the jury. The refusal of the court to direct a verdict for the defendants was therefore properly denied. This conclusion is as well supported by authority as it is sound in reason. *Kane* v. *Railway*, 128 U. S. 91; *Snow* v. *Railroad*, 8 Allen 441; *Ferren* v. *Railroad*, 143 Mass. 197; *Babcock* v. *Railroad*, 150 Mass. 467; *Gustafsen* v. *Company*, 153 Mass. 468; *Hannah* v. *Railroad*, 154 Mass. 529; *Donahue* v. *Railroad*, 178 Mass. 251; *Plank* v. *Railroad*, 60 N. Y. 607.

*Exception overruled.*

All concurred.