Coös, }
June 4, 1912. }

### HAAKENSEN v. BURGESS SULPHITE FIBRE Co.

A master who undertakes to provide a completed staging for the use of his servants is bound to furnish a structure reasonably safe and suitable for the purpose intended, and cannot escape liability for the negligent performance of this duty by delegating its execution to others.

Where it is expressly or impliedly agreed that a staging for the use of servants shall be built by them as a part of the work they undertake to perform, it is the master's duty to exercise reasonable care in providing materials suitable in quantity and quality and in employing competent men to do the work.

In an action for negligence against employers, certain evidence deemed sufficient to warrant the finding that the plaintiff's injuries resulted from the unsuitable construction of a staging which the defendants undertook to furnish for his use.

CASE, for personal injuries caused by the fall of a staging upon which the plaintiff was at work laying brick. Trial by jury, resulting in a disagreement. At the close of the plaintiff's evidence, which was all that was introduced, the defendants moved for a nonsuit. The motion was denied, and they excepted. Transferred from the September term, 1911, of the superior court by *Pike*, J.

The evidence tended to prove the following facts: The plaintiff was employed to lay brick. He was not hired to build the stagings

upon which the masons worked and 'had nothing to do with their construction, this work being entrusted by the defendants to carpenters, or to carpenters and the boss mason. The plaintiff and the men engaged with him in laying brick never went upon the stagings until they were notified that they were completed and ready for use; and he did not go upon the staging in question until he was so notified. The negligence complained of was the use of an unsuitable ledger-board or support at one end of the staging.

*Matthew J. Ryan* and *Rich & Marble* (*Mr. Ryan* orally), for the plaintiff.

*Drew, Shurtleff & Morris* and *Sullivan & Daley* (*Mr. Morris* orally), for the defendants.

BINGHAM, J. If the defendants undertook to furnish the staging as a completed structure for the plaintiff to work upon, it was their duty to see that it was reasonably safe and suitable for the purpose for which it was intended. In such case their duty would be a personal one, for the negligent performance of which they could not escape liability by delegating its execution to servants or agents. *Thompson* v. *Bartlett*, 71 N. H. 174; *English* v. *Amidon*, 72 N. H. 301; *Lambert* v. *Company*, 72 Vt. 278, 282; *Arkerson* v. *Dennison*, 117 Mass. 407, 412; *Callahan* v. *Academy*, 180 Mass. 183; *McCone* v. *Gallagher*, 16 N. Y. App. Div. 272, 279, 280; *Richards* v. *Hayes*, 17 N. Y. App. Div. 422; *Chicago etc. R. R.* v. *Maroney*, 170 Ill. 520, 524; *Cadden* v. *Company*, 88 Wis. 409, 417.

On the other hand, if the defendants did not undertake to furnish the staging as a completed structure, but it was either expressly or impliedly agreed that the plaintiff and the men employed with him should build the staging as a part of the work they had undertaken to do, then the duty resting upon the defendants was that of using reasonable care in providing materials suitable in quantity and quality for the object in view and in employing suitable men to do the work. *Robichaud* v. *Mendell*, 75 N. H. 391; *McLaine* v. *Company*, 71 N. H. 294; *Manning* v. *Manchester Mills*, 70 N. H. 582.

It is thus apparent that the application of the legal principles involved in either of the above propositions depends upon the determination of the question, whether the defendants undertook to furnish the staging as a completed structure, or whether it was understood that the plaintiff and the men employed with him to lay

brick should also build the staging as an incident of their work. This question, like all questions of fact, is to be determined by the jury upon evidence (*McGill* v. *Company*, 70 N. H. 125, 129; *Donnelly* v. *Company*, 90 Me. 110, 116, 117; 2 Labatt M. & S. 1780, 1784); and as the evidence in this case is conflicting, to say the least, it cannot be held as a matter of law that the defendants did not undertake to provide the staging as a completed structure.

There remains to be considered the further question, whether there was any evidence from which reasonable men could find that the staging furnished was unsuitable and that the plaintiff's injury was attributable thereto. It appeared that the ledger-board, or support upon which the putlogs rested at one end of the staging, was spliced at a point about half-way between the eight-by-ten posts to which it was nailed; that the distance between these posts was six to eight feet; that a ledger-board of this nature was unsuitable; that a staging constructed with such a support would fall eight or nine times out of ten, when put to use; that this staging fell almost as soon as the plaintiff and one of the masons engaged with him went upon it, causing them to be thrown to the floor below; and that had the ledger-board been suitable, the staging would not have fallen. We are therefore of the opinion that reasonable men might find from this evidence that the fall of the staging was due to the defective ledger-board and that the plaintiff's injury was attributable thereto.

*Exception overruled.*

PARSONS, C. J., and YOUNG, J., found no evidence that the defect in the ledger-board caused the injury: the others concurred.