Merrimack, }
Dec. 5, 1916. }

BAHRE TOPORE, *Adm'r*, *v*. BOSTON & MAINE RAILROAD.

To an action upon the federal employers' liability act, 35 U. S. Stat. 65, c. 149, the negligence of a fellow servant is not a defence.
In such an action the question whether an order to jump quickly from a moving train was negligently given was properly submitted to the jury, and the doctrine of assumption of the risk had no application.

CASE, under the federal employers' liability act, to recover damages for injuries resulting in the death of the plaintiff's intestate, Doud Muslin. Trial by jury resulting in a disagreement. The defendant's motions for a nonsuit and a directed verdict were denied, subject to exception, by *Pike*, C. J., who transferred the case from

the April term, 1916, of the superior court.    The facts are stated in the opinion.

*John M. Stark* and *Robert W. Upton* (*Mr. Upton* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), for the defendant.

PEASLEE, J.    It appeared in evidence that the plaintiff's decedent, Muslin, who was engaged with a boss and a fellow workman in shovelling coal forward in the tender of a locomotive engine, was ordered to jump off after the engine had started, that there was a clear space of about fourteen feet between the engine and a train of cars moving in the opposite direction at a speed of about twenty miles an hour, and that the men obeyed and both were struck by the train.    The fellow workman survived, and testified that the accident happened because the impetus given him by the moving engine and the suction of the train impelled him too far.

It is manifest that such a result might happen and that it was a fair question for the jury whether it ought not to have been anticipated by the boss, who should for that reason have forborne to give the order to the men to jump from the moving engine.

The order given called for quick action upon the part of the men and did not afford them an opportunity to consider whether they could do so safely or not.    The doctrine of assumption of risk has no application to such a situation.

The question whether there was negligence in the management of the trains, or of either of them, need not be now considered.    Assuming that there was no fault in these respects, the plaintiff was still entitled to go to the jury on the issue of an order negligently given. As the suit is under the federal employers' liability act (35 U. S. Stat. 65, *c.* 149) the question whether the order could be treated as a mere act of fellow service (*Galvin* v. *Pierce*, 72 N. H. 79) does not arise. *Pedersen* v. *Railroad*, 229 U. S. 146.

*Exceptions overruled.*

All concurred.