Hillsborough,
June 29, 1918.

DEARBORN S. ROCKWELL *v.* JAMES H. HUSTIS, *Receiver*.

HENRY HOLDEN *v.* SAME.

To an action upon the federal employers' liability act, 35 U. S. Stat. 65, *c.* 149, the negligence of a fellow-servant is not a defence.

A verdict will not be set aside because evidence relevant to the issue upon which it is offered would be incompetent, if used for a different purpose.

Two ACTIONS OF CASE, for negligence. The plaintiffs were employees of the railroad and received personal injuries in the same accident. The cases were tried together before a jury and resulted in verdicts for the plaintiffs. The defendant's motions for a nonsuit and a directed verdict, were denied subject to exceptions. Transferred by *Marble*, J., from the September term, 1917, of the superior court. The evidence sufficiently appears from the opinion.

*Doyle & Lucier* (*Mr. Lucier* orally), for the plaintiffs.

*Jones, Warren, Wilson & Manning* (*Mr. Warren* orally), for the defendant.

WALKER, J. The evidence tended to show the following facts: the plaintiffs were employed by the defendant as section hands and were engaged in that employment when they received the injuries on account of which these suits were brought. They were riding upon a motor-driven section car with six other employees, and on account of the size of the car they were obliged to sit close together upon a narrow seat running lengthwise of the car, four facing in one direction and four in the other. Upon the floor were various tools used by them in their work, which prevented them from placing their feet firmly upon the floor. There was an iron rail two or three inches high upon the sides of the car, upon which they put their feet to support themselves. The car was going at the rate of ten or twelve miles an hour on a curve in the track of about four degrees. One of the men, Thompson by name, who was sitting at the front end of the car on the left-hand side, for some reason lost his balance, his feet came in contact with the forward wheel of the car, and he fell or was drawn under the wheel, which

passed over his body inflicting fatal injuries.  As a result, the car was derailed and the other men were thrown off.  In this way the plaintiffs received their injuries.

Several grounds upon which a recovery is sought have been argued. But upon a motion for a nonsuit, if one of them is in law sufficient, the others need not be considered.  No exceptions were taken to the charge of the court.  The claim is made that the foreman of the crew who operated the car, managed it in a negligent manner, which caused Thompson to be thrown or pulled under the wheel, and consequently that this negligence was the proximate cause of the plaintiffs' injuries.  As it is conceded that the action is governed by the federal statute (35 U. S. Stat. 65, *c.* 149), the fellow-servant doctrine has no application.  *Topore* v. *Railroad,* 78 N. H., 311.  The contention of the defendant is that there is no sufficient evidence of negligence by the foreman in operating the car.

An examination of the evidence leads to the conclusion that the jury were warranted in finding that the plaintiffs' injuries were due in part at least to the foreman's negligence.  It is not disputed that Thompson's fall or sliding out onto the wheel occurred when the foreman either increased or decreased the power.  It was also in evidence that at that instant of time the car "jumped," or "twisted" or "lurched" and that the sudden movement threw Thompson off.  This evidence in view of the circumstances is amply sufficient to account for the accident.

But it is necessary to consider whether the foreman was negligent in the way he managed the car.  It seems to have been his custom, known by the other section men, to reduce the speed before or at the time of reaching the curve, while in this instance he was half way around the curve when he regulated the speed.  It was an unusual place for him to perform that act, the men were not anticipating he would attempt it at that place, and the jury may have believed that it was a dangerous thing to do, such a thing as reasonably prudent men would not do upon a curve of that character. While the speed of the car may not have been excessive, it was competent for the jury to find that it was sufficient at that place, when changed by the foreman by increasing or decreasing the power, to cause the car to suddenly sway and throw Thompson upon the wheel.  Further evidence of negligence was unnecessary to support the verdicts.  *Boucher* v. *Larochelle,* 74 N. H. 433; *Castonia* v. *Railroad,* 78 N. H. 348.

Subject to exception, the plaintiff introduced evidence that upon

another line of its road, twelve motor cars were in use, in which the wheels did not extend above the floor of the car, as they did in the car in question, and that for that reason they would not carry or pull under the car one whose feet happened to reach over the side of the car. The evidence was not introduced to prove a custom of railroad companies to use cars of that construction, as argued by the defendant, but to prove the knowledge of the defendant that the car the plaintiffs were employed to use was not a reasonably safe car, and that the defendant was negligent in this respect. The competency of the evidence cannot be doubted. *Warburton* v. *Company*, 75 N. H. 592.

Other exceptions to the evidence are without merit and do not require extended consideration.

*Exceptions overruled: judgment on the verdicts.*

All concurred.