Merrimack, }
March 4, 1919. }

## RICHARD TIERNEY *v*. NEW ENGLAND GRANITE WORKS.

A master who has assumed the duty of safely arranging and securing a heavy stone for his servant's work thereon is liable for injury resulting to him from the negligent placement thereof by a foreman to whom the master has intrusted that work.

A response by the foreman of a jury to the interrogation of the court, though assented to by the other jurors, is not a special verdict and will not justify the entering of a judgment thereon in disregard of a general verdict.

Whether a mistrial has occurred so that a further hearing would be equitable under P. S., c. 230, s. 1 is a question for the trial court's decision, which is unexceptionable if there was evidence to sustain it.

CASE, under the employers' liability statute. Trial by jury and verdict for the plaintiff.

The plaintiff by direction of the defendants began work upon a stone in the defendants' quarry; the stone not being properly supported turned when he got upon it and he was injured. The defendants duly excepted to the denial of their motion for a directed verdict, made at the close of the evidence. Upon the return of the verdict the defendants moved to set it aside as against the law and the evidence and because it was produced by passion, prejudice, and partiality, or resulted from a plain mistake.

The verdict was rendered April 13. April 16 the jury were called together and the foreman with the assent of the other members of the panel stated to the court that the jury found first that the plaintiff's injury was due to an accident for which neither party was to blame and that they decided for the plaintiff because the defendants had not proved he was in fault. Thereupon the defendants moved: (1) that the jury be instructed to return a verdict for them; (2) that the case be resubmitted to the jury with suitable instructions; or if the first two motions were denied, (3) that the verdict be set aside. Between April 13 and April 16 one of the jurors had disqualified himself from further action in the case. The court finding that there had been a mistrial and that otherwise injustice would be done, granted the motion to set aside the verdict and denied the others and the defendants excepted. Transferred by *Branch*, J., from the April term, 1918, of the superior court.

*Robert W. Upton* and *John M. Stark* (*Mr. Upton* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), for the defendants.

Parsons, C. J.  It is conceded that there was evidence of a duty assumed by the defendants as to the stability of the pieces of granite in their quarry upon which they directed work.  There was evidence that the particular piece upon which the plaintiff was put to work rested insecurely and that in consequence thereof, while he was doing the work he was directed to perform, the stone tipped and he was injured.  Having assumed this duty, the defendants would be liable at common law for its negligent performance by the foreman to whom they intrusted it, and the plaintiff would not be in fault as matter of law for failing to ascertain whether the duty had been performed.  *Haakensen* v. *Company*, 76 N. H. 443; *Thompson* v. *Bartlett*, 71 N. H. 174.

The plaintiff was an experienced quarry man.  He was engaged in preparing pieces of granite for the attachment of chains so that they could be removed by a derrick.  While so doing he was directed by his immediate superior, one Guy, to work upon the stone.  Under the practice in the quarry it was Guy's duty to see that the stone was on a secure foundation before directing work upon it.  The plaintiff was first directed to split off a piece where there was a seam.  He did so and was injured while preparing the remainder for removal by the derrick.  The defendants contend that conceding that they assumed responsibility for the security of the stone during the first operation, the splitting off of a portion, such removal created a new situation, that the stone was stable until this portion was removed and unstable afterward; that there was no examination by Guy afterward and that the plaintiff with his knowledge of the perils of the occupation could not without fault rely upon an inspection assumed to have been made by Guy before he set him at work upon the stone.  The work the plaintiff was doing when injured was what he was employed to do and must have been within the contemplation of the foreman when he directed the stone to be split.  If the stone had rested on a secure foundation, had been properly "banked," as the witnesses term it, it would not have become unstable when cut in two.  Whether Guy was in fault for not ascertaining that the stone was securely placed for all the work necessary to be done on it to ensure its removal, the

"dogging" as well as the splitting, is a question of fact upon all the evidence. There is no evidence that the stone separated, when split, in any unusual or unexpected manner or that any situation was created that might not have been anticipated. As what happened might have been foreseen, whether it should have been was for the jury. If the foreman's inspection, assuming he made one before he set the plaintiff at work, had shown the removal of a portion would not affect the stability of the remainder, there was no occasion for any further precaution. If he learned or could have learned that such removal would or might create a position of instability, he could be found to be in fault for not taking measures to protect the plaintiff. Reasonable men may think the plaintiff was not at fault for assuming that the foreman would not have set him at work on the stone without ascertaining that its position was secure for both operations. Upon this question the plaintiff's experience as a quarry man is competent and material, but the inferences to be drawn therefrom are for the jury. The questions involved are fact not law.

If the substance of the foreman's response to the interrogation of the court, that the defendants were without fault, had been returned as a special verdict, the special verdict would have controlled the general verdict for the plaintiff and judgment might have been ordered for the defendants disregarding the general verdict (*Richardson v. Weare*, 62 N. H. 80) if it had not appeared that there had been a mistrial. *Folsom v. Railroad*, 68 N. H. 178. This response was evidence that the case had not been understandingly considered, sufficient to authorize setting aside the verdict, but the foreman's reply was not a special verdict. The length of time that had intervened since the jury separated and the ascertained disqualification of one were evidence at least tending to sustain the finding that justice would not be promoted by the resubmission of the case to the same jury. In that event, the only course open was a new trial, which the court, when through mistake justice has not been done, has statutory power to grant even after judgment, if further hearing would be equitable. P. S., c. 230, s. 1. What course was necessary to do justice upon the facts developed after verdict was for the trial court; and as there was evidence sufficient to establish the facts necessary to sustain the order made, the defendants take nothing by their exception. *Whiting v. Sussman*, 78 N. H. 486, 488.

*Exceptions overruled.*

Plummer, J. was absent: the others concurred.