Coös,
Oct. 7, 1919.

ANNA CRUGLEY, *Adm'x*, *v*. GRAND TRUNK RAILWAY COMPANY.

In an action in a state court upon the federal employers' liability act, the burden
of proof on the issues of contributory negligence and assumption of risk is
upon the defendant.

An employee does not assume risks which first become known to him when the
work is in progress, if reasonable opportunity to quit the service does not
then exist.

CASE, under the federal employers' liability act, to recover for
injuries sustained by John Crugley. · Trial by jury and verdict for
the defendant. The suit was brought by Crugley in his lifetime and
prosecuted by his administratrix after his death. He was employed
by the defendant as a trackman and on the night of June 18, 1917,
he, with others, was called to repair a washout at North Yarmouth,
Maine. The men went from Berlin to Gorham, N. H., on a work
train and there loaded some timbers. These were about 18 inches
square and so long that they were loaded upon two flat cars. They
were of unequal lengths, so that in places there would be an open
space beside one timber and at the end of the next. The men loaded
the timbers with cant-dogs, with the use of which Crugley was not
familiar. While they were so employed a timber swung back at
Crugley's end, forcing him to step backward. As he did so he fell
into the open·space described and was injured. The plaintiff's evi-
dence was that there were but two dim, dirty lights on the job. The
defendant's witnesses testified that there were six bright lights.
The defendant's motion for a directed verdict was denied subject to
exception. The plaintiff excepted to remarks of the defendant's
counsel in argument, and to an instruction to the jury that the
burden of proof was upon her upon all issues except contributory
negligence.

Transferred from the December term, 1918, of the superior court
by *Marble*, J.

*Ovide J. Coulombe* (by brief and orally), for the plaintiff.

*George F. Rich* (by brief and orally), for the defendant.

PEASLEE, J. One question tried was whether the plaintiff's de-
cedent assumed the risk of the danger alleged as the cause of injury.

The jury were instructed that the plaintiff had the burden of proof upon all issues except contributory negligence. The action being brought under the federal employers' liability act (35 U. S. Stat. 65), the question presented is whether the local rule which was given is applicable to suits under the statute. The rule in the United States courts is that the defendant has the burden of proving assumption of risk. *Seaboard Air Line Ry.* v. *Moore*, 228 U. S. 433. Whether this rule should be followed in all suits brought under the act, depends upon the interpretation put upon the statute. It is a question of the legislative intent embodied in the act; and the interpretation of the statute rests with the federal court. *Southern Ry.* v. *Gray*, 241 U. S. 333.

In *Central Vermont Ry.* v. *White*, 238 U. S. 507, it was held that the rule as to burden of proof upon the issue of contributory negligence is not a mere matter of procedure but of substantive law, that congress presumably enacted the federal employers' liability act with the intent that the federal rule on this subject should apply, and that therefore it does apply, although the suit be brought in a state court in a jurisdiction where the local rule is different. In view of this decision, and of the federal rule that the burden of proof upon the issue of assumption of risk is upon the defendant, there is no reasonable doubt that the construction of the statute as to contributory negligence will be followed as to assumption of risk. *New Orleans &c. Co.* v. *Harris*, 247 U. S. 367, 372. The federal interpretation of the statute has progressed sufficiently to indicate the rule to be applied at trials. In suits brought under this act juries should be instructed that upon the issues of contributory negligence and assumption of risk the burden is on the defendant. It was therefore error to charge that the plaintiff had the burden upon assumption of risk, and for this reason the verdict must be set aside.

But it is urged that this error is immaterial because the defendant's motion for a directed verdict should have been granted. The motion is based upon three grounds: that there was no evidence of the defendant's negligence, that the risk was assumed, and that there was no evidence that the accident caused Crugley's death.

The plaintiff's witnesses testified that there were but two lanterns on the job and that those were dirty and burned dimly. The defendant's evidence was that there were six lanterns, all burning brightly. This evidence was substantially an admission by the defendant that more than two dim lights were needed. If the jury

believed the plaintiff's witnesses they might find that the negligence complained of was proved.

While plaintiff's decedent knew of the darkness of the night and the dimness of the light, it does not appear that he knew or appreciated the fact that the timbers were of varying lengths or that for this or other reasons there was likely to be such an irregularity of the line of safe traveling space. While it may be said that he was fully informed of the lack of light, it could also be found that he did not know, and he was not as matter of law bound to know, that the darkness concealed the danger from which he suffered.

More than this, it could be found that he had no reasonable opportunity to quit the work after he knew what he did of the situation. He was working on an emergency job. The men had been called out in the night to get materials to repair a washout and were loading the cars with the timber to be used for that purpose. Reasonable men might well find that a workman so employed did not assume risks which were first known to him when the work was in progress. *Castonia* v. *Railroad*, 78 N. H. 348. Reasonable opportunity to quit the service was lacking, or at least such might be found to be the fact. *Northern Pac. R. R. Co.* v. *Mares*, 123 U. S. 710; *Chesapeake & Ohio Ry.* v. *De Atley*, 241 U. S. 310.

. The third ground for the motion is that there was no evidence to show that the accident caused Crugley's death. If this is well taken it goes only to the measure of damages, and does not defeat the action. The suit was brought by Crugley, in his lifetime, to recover for other injuries. An examination of the evidence indicates that there was no proof that the accident was the cause of death; but as there must be a new trial, and as the surgeon who first operated on Crugley may then have returned from army service and be available as a witness, it is not necessary to decide this question now.

Nor is there occasion to consider the exceptions to the argument of defendant's counsel, since the verdict must be set aside in any event.

*New trial.*

All concurred.