Merrimack, }
Jan. 4, 1921. }

## JOHN MITCHELL CORBETT v. WALKER D. HINES, *Director General of Railroads.*

In an action upon the federal employers' liability act (30 U. S. Stat. 60), the negligence of a fellow-servant is not a defence; and the burden of proving assumption of risk is upon the defendant.

The plaintiff, an experienced freight-handler, while assisting to load granite blocks onto a car was injured by the tipping over of a block, which with the others was standing on end and apparently secure. On the foregoing and other evidence the question of the negligence of a fellow-servant in not trigging the block and the question whether the plaintiff reasonably believed that the stones had been safely placed, were properly submitted to the jury.

In such a situation the duty of ascertaining whether the stones had been safely placed rested upon the employer.

CASE, for negligence, brought under the federal employers' liability act. Trial by jury and verdict for the plaintiff.

The evidence tended to prove the facts recited below. The plaintiff, an experienced freight handler, was employed in the Boston & Maine freight house in Concord. On the day of the accident he was assisting in loading twenty-four granite blocks into a car. The blocks stood on end, were about three feet long, two feet wide and ten or twelve inches thick, and weighed about 1,000 pounds each. The ends were roughly cut, and for this reason some of the blocks would not stand securely. While the plaintiff was engaged in tipping a block onto a truck, the block behind him fell and injured him. He did not touch the block before it fell, and no noticeable outside force was brought to bear upon it. The plaintiff testified that he was fully informed as to the work he was doing, that if the end of a block was rounding it would not stand securely, that these blocks all looked, all right and he made no examination of them. The blocks had been received into the freight house by one Marston, a co-employee of the plaintiff. His attention was called to one that the truckman thought was likely to fall, and Marston trigged it up with a piece of wood.

The defendant's motions for a nonsuit and for a directed verdict were denied, subject to exception. Transferred from the April term, 1920, of the superior court by *Branch*, J.

*Robert W. Upton* and *Joseph C. Donovan* (*Mr. Upton* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), for the defendant.

Peaslee, J.   Two grounds are relied upon in support of the defendant's motions.   It is claimed that there is no evidence of the defendant's fault, and that the risk was assumed by the plaintiff. As the suit is under the federal statute, negligence of a fellow-servant can be relied upon by the plaintiff to make out his cause of action. *Rockwell* v. *Hustis*, 79 N. H. 57.   And upon the issue of assumption of risk the burden of proof is upon the defendant.   *Crugley* v. *Railway*, 79 N. H. 276.

The argument that the stone fell because of some undisclosed cause and that therefore there is no evidence of the defendant's fault, ignores the fact that if the stone had been placed in a secure position it would not have fallen.   This is shown by the fact that numerous other stones of like size and shape still stood when and after this one fell. The reasonable inference from the situation and what happened is that this stone was not made secure in its position, as it should have been.   There was no unusual jar, such as might overcome the equilibrium of a stone that stood firmly.   Of course there must have been a sufficient disturbance of some sort to upset the equilibrium that had been maintained since the stone was placed upon the platform.   The fact that the disturbance was not noticed is evidence that it was but slight, and the fact that the stone fell because of slight disturbance warrants a finding that it was not securely placed.

The plaintiff knew that if the block of stone stood insecurely enough it would fall, and that it might be left in that condition. What he did not know, and was not in fault for not knowing, was that this block was in that situation.   There was nothing in its appearance to indicate the fact, and he might well assume that the care necessary to insure the safety of those working about it had been taken in placing the stone.   It would be a slight matter to determine whether the stone was placed securely or insecurely;   but the duty of such ascertainment rested upon the defendant who placed it there and not upon the plaintiff who could rightfully assume that the defendant's duty had been performed.   *Tierney* v. *Granite Works*, 79 N. H. 166.

The plaintiff also knew that the ends of the stones were more or less uneven, and that this might cause them to stand insecurely, but

it did not appear that it was the practice to trust to the conformation of the stone to insure their stability. The only evidence upon this question was that the truckman who delivered these stones at the freight depot called the attention of the defendant's employee Marston to the fact that one was not standing securely and Marston trigged it up with a small piece of wood.

The essential point in the defendant's argument upon the plaintiff's assumption of risk is the claim, as stated in the brief, that the plaintiff "knew or ought to have known that these stones standing on end must in some instances at least be more or less unstable, and that slight pressure would cause them to fall." It is true that this state of facts might have been found from the evidence, but it is also true that the evidence was not conclusive, that the plaintiff did not reasonably believe that the stones had been safely placed and that the danger which he encountered did not exist.

*Exceptions overruled.*

All concurred.