Grafton,  }
Dec. 6, 1921. }

### ALDEN SPEARES SONS CO. *v.* BOSTON & MAINE RAILROAD.

The questions whether a railroad was negligent in not providing a flagman or automatic bell at a highway grade crossing and whether the driver of a motor truck injured thereon was free from fault were properly submitted to the jury.

CASE, for damaging a motor truck. Trial by jury and verdict for the plaintiffs. The accident happened on a level crossing on Depot Street, in Ashland. The freight house and cars on the tracks in the Ashland yard obstructed the view to the north to such an extent that the men in charge of the truck, after they passed a point sixty or more feet from the crossing, could not see a train approaching from the north until the front wheels of the truck were on the crossing.

The crossing whistle was sounded, but the bell was not rung and there was no flagman or automatic bell to warn travelers of the approach of a train. Other evidence relevant to the exceptions is stated in the opinion.

Transferred by *Parsons*, C. J., from the May term, 1921, of the superior court on the defendants' exceptions to the denial of their motion for a directed verdict, and to evidence.

*Raymond U. Smith* (by brief and orally), for the plaintiffs.

*Jewett & Jewett* and *Alvin Burleigh* (*Mr. Theo S. Jewett* orally), for the defendants.

YOUNG, J. It can be found that the ordinary man with the defendants' knowledge of the situation and its dangers would have done something more than they did to warn the plaintiffs' employees of the approach of the train, and that but for their failure in this respect the accident would not have happened. The defendants' exception therefore must be overruled if it can be found that the men in charge of the truck were free from fault. The evidence relevant to that issue tends to prove that there were two men with the truck, and that when it was one hundred or more feet from the crossing, the driver reduced the speed to three or four miles an hour and proceeded at that rate until the front wheels were on the crossing. He sat on the left side of the truck and looked toward the south to see if a train was approaching from that direction. As he approached the cross-

ing, he saw a man he thought was the crossing tender, and as that man did nothing to warn him of the approach of the train, he drove onto the crossing without stopping.

The other man sat on the right hand side of the truck and looked toward the north to see if a train was approaching from that direction, but he neither saw nor heard the train until the front wheels of the truck were on the crossing. He instantly notified the driver, and the driver did what he could to increase the speed of the truck, but it was too late to prevent the accident.

In short, it can be found that both men were alert and did all that anyone could have done to avoid the accident, except to stop the truck before going onto the crossing. It is not illegal, in and of itself, to drive a truck onto a crossing without stopping, but that is a fact to be considered on the issue of the driver's care. *Smith* v. *Railroad,* 70 N. H. 53.

The test therefore to determine whether the plaintiffs' employees were in fault, is to inquire whether the ordinary man with their knowledge of the situation and its dangers would have driven onto the crossing when and as they did. When we consider that these men were unfamiliar with the crossing, it is clear it cannot be said that the ordinary man might not have done as they did.

The evidence that the defendants had installed automatic bells at other crossings on their road, tended to prove that they knew of a device which would have prevented the accident, and was relevant to the issue of their care. *Rockwell* v. *Hustis,* 79 N. H. 57.

It is enough, in so far as the defendants' contention that the verdict should be set aside because of errors in the court's charge is concerned, to say they did not except to the charge.

*Exceptions overruled.*

PARSONS, C. J., and SNOW, J., did not sit: the others concurred.