Hillsborough,
Jan. 5, 1937.

VENUS SHOE CORPORATION & a.

*v.*

HANOVER SHOE STORE, INC. & a.

*James A. Broderick* (*Mr. Maurice A. Broderick* orally), for the plaintiffs.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Wadleigh* orally), for certain creditors of the defendant.

*Per Curiam.* The acceptance of the first master's report adopted it without modification. It therefore included the order for priority which the report recommended. The plaintiffs' objection to the granting of the defendant's motion that the report be rejected as contrary to the law was equivalent to a motion for the court to adopt the report. They sought no changes in it. In legal effect request-

ing the adoption, they could not be aggrieved by action with which they were satisfied and to which they consented. They were bound by it and could not properly except to an order which was a part of the action. The order was thus *res adjudicata* and the acceptance of the second report so holding was required. The plaintiffs' subsequent motion for their claim to be added to the list of the defendant's creditors amounted to a request that the existing adjudication of priority be disregarded.

The acceptance of the first report also included by necessary implication a dissolution of the plaintiffs' attachment. The order for priority could not be otherwise enforced.

Whether the plaintiffs have lost any of their rights by accident, mistake or misfortune is a question primarily of fact and may be raised only by petition to the Superior Court. P. L., c. 342; *Tierney* v. *New England Granite Works*, 79 N. H. 166; *Watkins* v. *Railroad*, 80 N. H. 468, 471-474.

*Exceptions overruled.*

PAGE, J., was absent.