### LORETTA F. GRACE v. BELMONT.

The exemption of towns from liability as provided by Laws 1903, c. 54, s. 6, for or on account of any injury to person or property on any road situated therein on which the work of construction is done or repairs made etc. at the expense of the state is not limited to the district created by s. 2, but applies to state-aided highways created by and existing under Laws 1909, c. 155, on which improvements and repairs have been made partly at the expense and under the direction of the state.

The exemption created by Laws 1903, c. 54. s. 6 applies to that part of the Merrimack Valley road which runs through Belmont, though the state had not been to any expense in making improvements on the road in that town, the work thereon within that town having been done under the direction of the state, and the state having made large expenditures of money in the construction and improvement of that road both below and above the part that runs through Belmont.

CASE, for personal injuries. Trial by jury and verdict for the defendants.

Transferred from the November term, 1914, of the superior court by *Sawyer*, J.

The plaintiff was driving on the Merrimack Valley road in Belmont about one mile below Laconia, when her horse shied at an automobile, and drew the right wheels of her carriage onto the south side of the roadway, and into a ditch, throwing her out of the carriage and breaking her arm. The improvements upon this road in Belmont up to that time, which was in 1913, had been made by the town under the direction of the state.

*Frank M. Beckford* and *Charles B. Hibbard* (by brief and orally), for the plaintiff.

*Oscar L. Young* (by brief and orally), for the defendants.

PLUMMER, J. This case was transferred upon exceptions to evidence and to the charge of the court, and upon a motion for a directed verdict, and was briefed and argued solely on those issues. Afterwards the question was raised as to whether the action could be maintained by reason of section 6, chapter 54 of the Laws of 1903; and the parties having argued that issue before this court, it is,

therefore, assumed that they desire that question decided; at least it would be useless to send the case back for a new trial if it is barred by the above statute, so whether it is thus barred is considered at this time.

Chapter 54, Laws of 1903, provided for a more systematic and extensive construction and improvement of highways by the state in the mountain region and other places than had before been attempted. Chapter 133, Laws of 1903, made provision for the appointment of highway engineers who were to procure and prepare maps, examine routes, and prepare plans for the future construction and improvement of highways by state aid or state control. And the governor and council under said act were to prepare a bill for submission to the next general court, which should "provide fully and in detail for the inauguration of a system of state work and state expenditure in the future construction and repairs of local and state highways." In 1905 an act was passed having for its object a more uniform system for the improvement of main highways throughout the state. Laws 1905, c. 35.

The Merrimack Valley road upon which the accident happened, running from the Massachusetts line in Nashua to Lake Winnipesaukee, was first provided for in 1907. Laws 1907, c. 139.

The East Side and West Side roads, and the Merrimack Valley road extending to Lincoln, were established in 1909. Laws 1909, c. 155. These different acts and others not mentioned together form a comprehensive plan for the improvement of the roads in the state that have the largest travel. The inauguration of this plan was really commenced by the enactment of chapters 54 and 133 of the Laws of 1903. Section 6 of chapter 54 provides that "no claim shall accrue or exist against the state, and no action be maintained against any town in which a road is situated on which the work of construction is done or repairs made, in whole or in part, at the expense of the state, for or on account of any injury to person or property on any such road; nor shall any indictment or information be maintained against any town on account of the condition of such road." It is claimed by the plaintiff that this section has no application to this case, that the exemption was limited to roads within the district created for the purposes of the act by section 2, which comprised Coös, Carroll and Grafton counties, and to state roads. There is nothing in section 6 to show that it was the legislative intent to so limit the exemption. The section seems rather to be a declaration of a general policy in reference to the plans, then

forming, for the state to assist in road construction and maintenance.

It will be noticed that section 6 applies to roads generally, while section 7 relates to highways and roads aforesaid, indicating that no limitation was intended to the exemption of the former section.

This court is now asked for the first time to interpret the legislative purpose in enacting this section. But in the suit of *Burroughs* v. *Hanover* in the federal court of this district this section was relied upon as a bar to the plaintiff's action for injury suffered by him as a highway traveler. After verdict for the plaintiff the case was transferred to the circuit court of appeals, and in an elaborate and exhaustive opinion by Judge Dodge (*Hanover* v. *Burroughs*, 215 Fed. Rep. 817) the contention of the town was sustained. It was held in this case that the exemption of section 6 applied to an accident that happened to Burroughs in 1910 upon the West Side road in Hanover. This road was not a road anywhere mentioned in chapter 54, Laws of 1903, but the court held that it was brought within the provisions of section 6 of that chapter by subsequent enactments before the accident. Where the accident occurred was within the district of chapter 54, but the West Side road, of which this road was a part, like the Merrimack Valley road on which the accident in the instant case happened, was partly in the district of chapter 54 and partly outside of it; in each case the accident occurred not upon state roads or roads mentioned in said chapter 54, but upon state-aided roads on which improvements and repairs were made partly at the expense and largely under the direction of the state. The court in *Hanover* v. *Burroughs, supra,* said: "Towns were liable for injuries from certain kinds of highway defects, according to the legislation then in force, if the injury was sustained 'upon any highway' within their limits. It will not be denied that section 6 made an effectual exception as to state highways within their limits. The reason for making the exception can only have been that a town could not justly be held liable for defects in a road never within its control, or removed from its control by the state under legislative authority, so as to leave no duty of keeping the road in condition upon it, or of providing the money therefor. The reasons which may be supposed to have prompted an exoneration of towns from liability for highway defects on state-aided roads within their limits obviously differ only in degree. Though such a road remains a town road, because the town is no longer to have the same control of its maintenance, or of the money

spent thereon, as in the case of its other roads, it ought not to remain under the same responsibility for its condition.    The responsibility, like the control, ought to be at least divided with the state, if either was to be liable.    The extent to which responsibility should be removed from the towns was for the legislature to decide, and it may well have preferred to eliminate the questions involved in any attempt to determine the precise limits of the responsibility to remain upon the towns, under the new system, by removing the responsibility altogether.    .    .    .    It is said that such a construction of section 6 must lead to inconvenience and injustice, in view of the large proportion of town roads which have become state-aid roads; but we think the legislature might well have believed no less injustice likely to follow if the towns were left still liable for defects in their roads caused or permitted by persons not acting under their authority or control."

We think that the reasons of the court in this case for holding that section 6 exonerated the town of Hanover from liability are sound, and that they apply to the case at bar.    The accident in both cases occurred upon state-aided highways, created as they now exist by the same act (Laws 1909, *c.* 155), and governed by the same laws, therefore, if the exemption of section 6 applies to an accident happening upon the West Side road, it must apply to an accident on the Merrimack Valley road.    There is only one circumstance that makes the two cases different in any degree.    When the accident occurred in *Hanover* v. *Burroughs* the state had already expended money in improving the West Side road in Hanover at the place of accident, while in this case at the time of the accident in 1913, the state had not been to any expense in making improvements on the Merrimack Valley road in Belmont, although the work on this road in that town had been done under the direction of the state; but it is a matter of common knowledge that the state before 1913 had spent a large amount of money in the construction and improvement of the Merrimack Valley road, both below and above that part of the road that runs through Belmont.    This would seem to be sufficient under section 6 to exempt all the road from liability on account of accidents.    The state having contributed to the work of construction and repairs upon this road in numerous places, the entire road is brought within the exemption of section 6, even though there are places upon the road to the improvement of which the state has not contributed.

All concurred.                                    *Judgment for the defendants.*