Merrimack, }
Oct. 3, 1916. }

### HARRY A. MINER v. FRANKLIN.

### GEORGE L. MINER v. FRANKLIN.

A town is liable under the statute of highways for an injury caused by a defectively railed embankment though the town had received state aid for a portion of the same road, if at the place of the accident the highway had not been made a state aided road under Laws 1905, c. 35, ss. 6, 8; Laws 1911, c. 192, s. 1; Laws 1913, c. 119.

If a defendant's negligence is a cause of an injury, the fact that there was another contributing cause is not a defence.

A motion for a nonsuit on the ground of contributory negligence must be sustained by conclusive proof that ordinary men would not have acted as the plaintiff did in the premises.

CASE, under the statute of highways, in the first action by the driver of an automobile, and in the second by a passenger therein, to recover damages alleged to have been received by reason of a dangerous embankment defectively railed. Trial by jury and verdicts for the plaintiffs. Transferred from the October term, 1915, of the superior court by *Branch*, J.

The accident happened upon the Hill road in the city of Franklin, September 13, 1914. The driver turned out to pass two other cars, struck a stone in the road and immediately thereafter went partly over the embankment thereby causing the injuries complained of.

The defendant's motions for nonsuits were denied, subject to exception. After the verdicts were returned, the defendant moved to set them aside as against the law and the evidence, and in support of the motions showed the following facts: In 1913 and 1914 Franklin received from the state certain sums apportioned for state aid to the city for expenditure upon the Hill road, and the money was so expended. At the close of the season in 1914 the work of reconstruction had extended from Franklin to within about two miles of the place of the accident. The furnishing of state aid to continue the work in 1915 depended upon the action of the city in appropriating more money and again making application for state aid. No such application was made until 1915. In 1913 a culvert, some 800 feet from the place of the accident, was reconstructed with state aid and under state supervision. The accident happened about 115 feet from the Hill line, and the road in that town was state aided.

It was found that the defendant and its counsel were not negligent in not knowing of the provision of Laws 1903, c. 54, s. 6, relating to non-liability of cities and towns for accidents occurring upon state aided roads. The motions were denied, subject to exception.

*Martin & Howe* and *Henry Robinson* (*Mr. Howe* orally), for the plaintiffs.

*Thomas F. Clifford* (by brief and orally), for the defendant.

PEASLEE, J. The defendant's argument upon its motions for nonsuits seems to be chiefly based upon the contention that the weight of the evidence was against the plaintiffs. However this may have been, an examination of the record discloses sufficient testimony to warrant a finding that the automobile went over an unrailed embankment, thereby causing the injuries complained of. The argument that the plaintiff who was driving the car was guilty of contributory negligence, is not supported by conclusive proof that ordinary men would not have acted as he did in the premises. Therefore it cannot avail the defendant here. *Blood* v. *New Boston*, 77 N. H. 464.

The fact that the stone in the road may have been a contributing cause for the accident does not relieve the defendant from liability, if the unrailed embankment was also a cause. *Prichard* v. *Boscawen, ante,* 131.

The motions to set aside the verdicts as against the law and the evidence, because it appeared from facts not in evidence at the trial that portions of the Hill road were state aided, were properly denied. On their face these motions make no cause for such relief. But, as suggested by defendant's counsel, the facts alleged may hereafter be made the ground of motions for new trials. The question sought to be raised has been argued without objection, and as its decision appears to be essential to a final disposition of the cases it has been considered.

The highway where the accident happened had not been made a state aided road. Before it could be so considered some action must have been taken by some one in authority indicating an intention to so treat it in the future. Nothing of the kind had been done. The southerly end of the road had been reconstructed by the city under state supervision and with state aid. Another part had been staked out by the city authorities, with a view to similar recon-

struction, and at another point a culvert had been rebuilt under state supervision and with state aid. But none of these things had been done at the place of the accident. At that point it was merely a municipal highway, other parts of which had become state aided road.

It is urged that the decision in *Grace* v. *Belmont, ante,* 112, is authority for the proposition that the exemption from liability here relied upon applies to the whole of a road, any part of which is state aided. But what is there said refers to a road the whole of which was in terms made state aided and state supervised by the statute. Although no state money had been expended upon the part where the accident happened, it was subject to state control. It was because of this control that the exemption of the town from liability was held to apply.

The distinction between the two cases is that between roads which have been designated as state aided and put under state control by the legislature, and those which can become state aided only upon certain things being done. How far, in the latter case, the proceedings must have progressed in order that the exemption should apply, is a question not here presented. If it were assumed, as has been argued, that any step which irrevocably committed the city to the undertaking would be sufficient, the fact remains that no such step had been taken as to this piece of road. And the statute seems to plainly provide that the road must be designated by the concurrent action of the state and municipal authorities. Laws 1905, *c.* 35, *s.* 6. It further provides that highways "improved by the expenditure of said joint fund shall thereafter," be subject to state supervision. Laws 1905, *c.* 35, *s.* 8; Laws 1911, *c.* 192, *s.* 1; Laws 1913, *c.* 119. By no process of reasoning can this be construed to mean that they are theretofore so subject. As matters stood at the date in question, the state had no power to supervise the repairs at this point, nor to make them in the event of a refusal by the city. The highway was wholly within the city's control, and the usual liability for its condition was imposed upon the municipality.

*Exceptions overruled.*

 All concurred.