Coös,
Oct. 7, 1919.

BURLEIGH H. KELSEA, *Adm'r*, v. STRATFORD.

The town of Stratford, having the duty of maintaining a certain portion of the West Side road established by Laws 1909, c. 155, is liable upon the statute of highways for injuries received thereon, and is not exempt on the ground that such part of the highway is a state road within the meaning of Laws 1915, c. 48.

CASE, for negligence. The declaration alleged that the plaintiff's intestate was injured through the negligence of the defendant in failing to properly maintain a certain highway within its limits upon which the deceased was traveling, in consequence of which

negligence he was thrown over an embankment. It was agreed that the highway where the accident occurred is a part of what is known as the "West Side road" as established by Laws 1909, c. 155, s. 15. Thereupon the defendant moved that the action be dismissed. The motion was granted and the plaintiff excepted. Transferred from the April term, 1919, of the superior court by *Branch*, J.

*Drew, Shurtleff, Morris & Oakes (Mr. Oakes* orally), for the plaintiff.

*Horace J. Holden* and *Sullivan & Daley (Mr. Holden* orally), for the defendant.

WALKER, J. This action is brought under chapter 48, s. 1, Laws 1915, which provides that "towns are liable for damages happening to any person" in consequence of defects in a highway, such as caused the plaintiff's injuries, "upon any highway which the town has the duty of maintaining." Section 2 is as follows: "Towns shall not be liable for such damages happening upon state roads within their borders, nor upon highways within their borders which are constructed or repaired in whole or in part by the state or by state aid, while such construction is in process or repairs being made, nor for thirty days after the construction or repairs are completed, but shall thereafter be liable as provided in section 1 of this act." The defendant's contention in support of its motion to dismiss the action is that the highway upon which the accident happened is a "state road," which under section 2 of the act referred to exempts the town from liability for the plaintiff's injuries. The sole question thus presented is whether the highway where the accident happened is a "state road" as that phrase was understood and used by the legislature in section 2.

It is conceded that it was a part of the "West Side road," which was established by the legislature in 1909 (Laws 1909, c. 155, s. 15), and the argument is that this trunk line road must be regarded as a state road. But this contention is unsound in view of the opinion in *Grace* v. *Belmont,* 78 N. H. 112 which, while it related to an accident on the "Merrimack Valley road," another trunk line, is much in point in this case, since both roads were established by the same statute. In that case it was determined that the Merrimack Valley road was a state-aided road, maintained in part by funds of the state and in part by funds of the towns in which it is located, and that Belmont was exempt from liability, because state-aided roads

were, at the time of the accident then considered, excluded by the operation of s. 6, c. 54, Laws 1903, which was repealed by the statute under which this action is brought. Previous to that decision the same result was reached in *Hanover* v. *Burroughs*, 215 Fed. Rep. 817, which was approved and followed in *Grace* v. *Belmont*. The Hanover case related to the West Side road which was not deemed to be a state road, but rather a state-aided road. See also *Miner* v. *Franklin*, 78 N. H. 240.

Moreover, the legislature has furnished other evidence of much weight, of its definition of state roads. In s. 5, c. 54, Laws 1903, certain specified roads which were wholly maintained by the state are declared to be "state highways." In s. 11, c. 35, Laws 1905, it is provided that: "All state highways shall be constructed and maintained by the state . . . and the expense thereof shall be paid out of the money appropriated by the state under this act; and the governor and council are hereby authorized to make such changes in the routes of existing state highways as they shall think expedient." This language clearly indicated that highways wholly or in part maintained by the towns were not regarded as state highways. See also c. 104, Laws 1907. *Opinion of the Justices*, 77 N. H. 606, 608.

If, as is claimed by the defendant, the highway in question is a state road and therefore exempt from the liability mentioned in s. 1 of the act of 1915, there is a clear conflict between s. 1 and s. 2. In the first section a town is made liable for certain damages happening on a highway "which the town has the duty of maintaining," — a duty imposed upon Stratford with reference to the road where the plaintiff was injured; while in the second section state roads are expressly exempted from such liability. Argument is unnecessary in support of the proposition that the evident purpose of the legislature in enacting these two sections was to make towns liable for injuries happening on highways supported wholly or in part by the towns, and to exempt them from such liability with reference to state roads located within their territorial limits. All apparent conflict is avoided by this construction.

As the West Side highway is a state-aided road and not a state road, the motion to dismiss the action should have been denied.

*Exception sustained.*

All concurred.