## COEN v. TOWN OF BOSCAWEN.

(Circuit Court of Appeals, First Circuit. January 21, 1925.)

No. 1804.

Highways ⟝198—Under laws of New Hampshire, town held liable for injuries on highway maintained partly by state aid and partly by town.

Under Laws N. H. 1915, c. 48, §§ 1, 2, town is liable for injuries on trunk line highway maintained in part by state and in part by town through which it passes, in view of Laws N. H. 1909, c. 155, § 5, Laws 1911, c. 192, Laws 1913, c. 119, and Laws 1921, c. 33, § 1, and its liability was not affected by chapter 77.

In Error to the District Court of the United States for the District of New Hampshire; George F. Morris, Judge.

Action by Ethel A. Coen, administratrix, against the Town of Boscawen. Judgment for defendant, and plaintiff brings error. Judgment vacated, verdict set aside, and case remanded for new trial.

Robert W. Upton, of Concord, N. H. (John M. Stark, of Concord, N. H., and Doyle & Doyle, of Nashua, N. H., on the brief), for plaintiff in error.

A. W. Levensaler, of Concord, N. H. (Nathaniel E. Martin, of Concord, N. H., and Willis G. Buxton, of Penacook, N. H., on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an action brought by the plaintiff, a citizen and resident of Massachusetts, as administratrix of the estate of William A. Coen, against the town of Boscawen, N. H., to recover damages for the death of her intestate. At the close of plaintiff's evidence, a verdict was directed for the defendant, and judgment having been entered thereon, this writ of error was prosecuted. The plaintiff's evidence tended to prove that her intestate was killed in Boscawen while traveling in an automobile, and in the exercise of due care, upon the Daniel Webster High-

way, formerly called the Merrimack Valley Highway, by reason of a dangerous embankment and defective railing, and that the defect and insufficiency in the highway were due to negligence in its construction and maintenance. It is conceded that there was evidence sufficient to warrant a verdict for the plaintiff, unless the defendant was relieved from liability for defects in the highway by chapter 77 of the Laws of N. H. 1921.

Chapter 48 of the Laws of N. H. 1915, under which this action is brought, is an amendment of section 1, chapter 59, Laws of N. H. 1893, and as far as material to this case reads as follows:

"Section 1. Towns are liable for damages happening to any person, his team or carriage, traveling upon a bridge, culvert, or sluiceway, or dangerous embankments and defective railings, upon any highway which the town has the duty of maintaining, by reason of any obstruction, defect, insufficiency, or want of repair of such bridge, culvert, or sluiceway, or dangerous embankments and defective railings, which renders it unsuitable for the travel thereon. * * *

"Sec. 2. Towns shall not be liable for such damages happening upon state roads within their borders, nor upon highways within their borders which are constructed or repaired in whole or in part by the state or by state aid, while such construction is in process or repairs being made, nor for thirty days after the construction or repairs are completed, but shall thereafter be liable as provided in section 1 of this act.

"Sec. 3. All acts and parts of acts inconsistent with this act are hereby repealed."

The accident in question occurred on August 18, 1922, and it is conceded that the Daniel Webster Highway, on which it took place, is one of the trunk lines of the state (Laws of N. H. 1909, chap. 155, § 5; Laws of N. H. 1921, chap. 33, § 1), and that unless the defendant is relieved of liability for defects in the highway by chapter 77 of the Laws of 1921, the case should have been submitted to the jury.

Chapter 77, § 1, reads as follows:

"All funds for the construction, improvement and maintenance of trunk lines and state highways and maintenance of state-aid highways shall be expended under the direction of the state highway commissioner subject to the approval of the Governor and Council. Funds expended in connection with the construction of state-aid highways shall be expended in the same man-

ner subject to the same approval, by such agent or agents as the state highway commissioner and the selectmen of the town in which such work is being done may appoint."

The Daniel Webster Highway is not a state road, or state highway, one wholly maintained by the state, for damages happening upon which towns are freed from liability by section 2, chapter 48, Laws N. H. 1915. It is a trunk line, and is in fact a state-aid highway, one maintained in part by the state and in part by the towns through which it passes, and the Supreme Court of the state, in.construing sections 1 and 2 of chapter 48, has held that the "evident purpose of the Legislature in enacting these two sections was to make towns liable for injuries happening on highways supported wholly or in part by the towns, and to exempt them from such liability with reference to state roads located within their territorial limits." Kelsea v.. Stratford, 79 N. H. 273, 108 A. 298.

The effect of this holding is that, under section 1, towns are liable for damages happening to travelers upon highways which they have the duty of supporting in whole or in part. At the time this accident occurred; and for many years prior thereto, every city or town was under the duty of providing funds for the maintenance of so much of a trunk line as was located within its boundaries. See section 5, chapter 155, Laws of N. H. 1909; chapter 119, Laws of N. H. 1913; chapter 192, Laws of 1911. The latter act made it the special duty of a city or town to maintain the. portion of a trunk line. within its boundaries at its expense, and to the satisfaction of the Governor and Council, except so far as it required that assistance should be rendered by the Governor and Council out of revenue derived from automobile fees and fines.

Chapter 77 does not relieve the defendant town from the duty of providing funds for the maintenance of so much of the Webster Highway as is within its boundaries. It simply designates the public official under whose direction funds raised by the town or provided by the state for its' maintenance shall be expended. We think the District Court erred in directing a verdict for the defendant.

The judgment of the District Court is vacated, the verdict is set aside, and the case is remanded to that court for trial, with costs in this court to the plaintiff in error.